## THE BROOKLYN TRUST COMPANY, Plaintiff, *v.* HENRY P. TOLER, Defendant.

*Bills and notes — a certification of a check by mistake — notice of the mistake — its effect — effect of payment of the check — rights of a creditor of the maker of the check in its proceeds.*

William T. Whitehouse gave a check, payable to the order of the president of a Stock Exchange, as a margin to secure a short sale of stocks by Whitehouse to one Cornish. The check was drawn upon a trust company, which by mistake certified it as good. On the next day after such certification the company endeavored to rectify the mistake and demanded the check of the holder, the Stock Exchange, and offered to pay to Cornish, who was a member of the Exchange, any loss sustained by him upon the short sale. This demand was refused. As the rules of the New York Clearing House required absolute payment of a check by the party certifying it, the Trust Company paid the check. From its proceeds the Exchange paid Cornish, and the balance remaining in its hands was attached in actions brought by Henry P. Toler, as a creditor of Whitehouse and as assignee of claims against him held by other members of the Exchange, in which actions Toler subsequently recovered judgment.

Upon a submission of the controversy between Toler and the Trust Company, as to their respective rights in the proceeds of the check, it was

*Held*, that Toler could not recover.

That as the Trust Company had given immediate notice of the mistake it could revoke the certification, except in so far as it had caused a change of circumstances.

That the Exchange could keep only so much of the money of the Trust Company as would answer the loss which Cornish incurred by reason of the error.

That the fact that the Trust Company had been compelled, by the rules of the Clearing House, to pay the check because it was certified, did not strengthen the title of the Exchange to the money.

That Toler by his judgment obtained no title to the money, as he was neither a party nor a privy to the check, but stood simply in the position of a general creditor of Whitehouse.

Submission of a controversy between the Brooklyn Trust Company, as plaintiff, and Henry P. Toler, as defendant, without action, and upon an agreed statement of facts, by which it appeared:

That, among the members of the Consolidated Stock and Petroleum Exchange, transacting business in the city of New York, were Charles G. Wilson, president thereof, William T. Whitehouse, L. M. Cornish, Henry P. Toler and Augustus W. Peters, and that said Peters was an officer of the Exchange, to wit, chairman.

That, on October 21, 1891, L. M. Cornish and William T. White-

house had contracted together for the sale and purchase of stocks, and among other stocks for the shares of the common stock of the Chicago, Milwaukee and St. Paul Railroad Company. The said William T. Whitehouse had sold said shares short to the said Cornish, and Cornish had called upon said Whitehouse to deposit margins securing Cornish against loss. By reason of said contract and upon demand of Cornish and to furnish him with margin and to secure him against loss, a check was drawn by William T. Whitehouse to the order of Augustus W. Peters, chairman, and was by a clerk or messenger of said William T. Whitehouse presented to plaintiff for certification, and was by mistake certified as hereinafter stated, and thereafter was by a clerk of said Whitehouse delivered to said Augustus W. Peters as chairman of said Exchange, and was by said Peters deposited with other moneys of the said Exchange.

That, on October 22, 1891, before ten o'clock in the morning, at which time the Exchange opens, the secretary of the Brooklyn Trust Company visited the Consolidated Stock and Petroleum Exchange and called upon its president, Charles G. Wilson, and explained the mistake that had been made and demanded the return of the check or the return of its proceeds, offering at the same time to pay to L. M. Cornish the amount of any difference established in his favor, growing out of the contract between said Cornish and said Whitehouse, and the secretary waited until the indebtedness of Whitehouse to Cornish, growing out of said transaction, had been established and had been announced, amounting to $1,568.75, and thereupon said secretary of plaintiff offered to pay that amount for the return of the check hereinbefore described, or to take from Charles G. Wilson and the Consolidated Stock and Petroleum Exchange $4,581.25.

That it is a rule of the said Clearing House that a bank which is a member, or is represented by a member of the Clearing House, which has certified a check, shall honor the check in exchanges made through the Clearing House, and settle any dispute concerning the certification with the parties in interest, without involving the Clearing House in the dispute.

That the Trust Company paid the check, and the proceeds thereof, viz., the sum of $6,150, was received by the Consolidated Stock and Petroleum Exchange.

That the Consolidated Stock and Petroleum Exchange thereafter paid the claim of L. M. Cornish, $1,568.75, and this payment is not questioned by the Brooklyn Trust Company, and the Consolidated Stock and Petroleum Exchange had in its possession the balance of the proceeds of said check $4,581.25.

That Henry P. Toler, on the 26th day of October, 1891, duly commenced three suits in the City Court of New York City against said Whitehouse, and on October 26, 1891, duly obtained an attachment in each of said three actions, to be issued by the said court against the property, effects and credits of said Whitehouse, which attachment was, on the 26th day of October, 1891, delivered to the sheriff of the city of New York, and was by him on that day duly served on said Charles G. Wilson, in whose custody the proceeds and avails of said check then were.

That said Toler, on the 10th day of February, 1892, duly obtained judgment in each of the said three actions against said Whitehouse, in said New York City Court, aggregating $5,965.39, transcripts of which were filed in New York county, and executions on which were issued to the sheriff of New York city and county on the 10th day of March, 1892, which executions the sheriff held wholly unsatisfied.

*William N. Dykman*, for the plaintiff.

*Royal S. Crane*, for the defendant.

BARNARD, P. J.:

On the 21st of October, 1891, the Brooklyn Trust Company certified a check to be good which was drawn by William P. Whitehouse on the Trust Company to the order of Augustus W. Peters, chairman. Peters was chairman of the Consolidated Stock and Petroleum Exchange. The check was given as a margin to secure L. M. Cornish upon certain railroad stock. The check was delivered by Whitehouse to Peters and Peters deposited the check with other moneys of the Exchange. The certificate was made by mistake, and on the 22d of October, 1891, before 10 A. M. the Exchange had notice of the mistake. The Trust Company demanded the check and offered to pay the loss realized by Cornish. This was $1,568.75. On the same day Whitehouse suffered other losses

to members of the Board of the Stock and Petroleum Exchange. The defendant represents these claims other than Cornish, and as such owner demands the money after Cornish is paid, of the Exchange. The Exchange cannot keep the money except to answer the Cornish loss. The Trust Company gave immediate notice of the mistake, and, except so far as there was a change of circumstances which had occurred by reason of the mistaken certification, a revocation of the certificate that the check was good could be made. (*Irving Bank* v. *Wetherald*, 36 N. Y., 335.)

The payment of the check by the Trust Company through the clearance house, to comply with the rule that a certifying bank must pay the check and settle all questions of validity with the parties to the paper, did not give the Exchange any better title to the money than it had before. The Exchange had no title except as to the Cornish claim, and Toler, by his judgment against Whitehouse, got no title to the money which neither the Exchange or Whitehouse owned. Only one of the claims merged if Toler knew of the existence of the certified check when the stock order was executed. He was neither a party or a privy to the paper, and, so far as the case shows, had no better right than any of the general creditors of Whitehouse.

There should be judgment upon the submitted case for the plaintiff.

DYKMAN, J., concurred.

Judgment for the plaintiff upon submitted case, without costs.