(31 Misc. Rep. 227.)

### RANKIN v. COLONIAL BANK.

(Supreme Court, Trial Term, New York County.    April, 1900.)

1. BILLS AND NOTES—CHECKS—ERRONEOUS CERTIFICATION—LIABILITY OF BANK.
   Plaintiff, a real-estate agent, was given two checks drawn on defend-
   ant bank, and took one to the main office of the bank, where it was certi-
   fied. He then took the second check to a branch office, and the teller,
   not knowing of the certification of the first check, which had made the
   account too short to meet the second, certified the second check. *Held,*
   where the second check had not passed out of plaintiff's hands, and no
   rights of third parties had intervened, that the bank was liable, under
   the certification thereof, only for the balance the drawer had on hand
   when the certification was made.

2. SAME—DAMAGES.
   Where a bank erroneously certified a check drawn by one of its deposit-
   ors for rents collected by him for his employer when the depositor had not
   sufficient funds to meet the same, the bare fact that the employer would
   have discharged the depositor if the check had not been certified, and pre-
   vented the collection of further rents by him, whereby further loss might
   have been prevented, is insufficient, as an element of damages, to render
   the bank liable to the employer on the certification for more than the
   amount of the depositor's funds in its hands when the certification was
   made.

Action by William Rankin against the Colonial Bank on a check
certified by defendant.    Judgment for plaintiff.

Quackenbush & Wise, for plaintiff.
Miller, Deeker & Miller, for defendant.

McADAM, J.    William Lipkin had an account in the branch of
the Colonial Bank at 104th street.    He was the agent of William
Rankin, the plaintiff, for collecting his rents.    On Saturday, January
6th, Mr. Rankin had a check for $1,500, drawn on the bank by Lipkin,
payable to the former, returned as not good.    He thereupon went to
the branch at 104th street, and asked about Lipkin's account.    Lipkin
had just deposited some money, and then Rankin was told that Lipkin
had enough in the bank to pay it.    He asked the teller if he would
certify the check if he brought it, and was answered, "Yes."    Rankin
then went away.    It appears that he got another check from Lipkin
for $1,617.03, went to the Colonial Bank at 83d street, and had that
check certified.    This was between 10 and 11 o'clock.    He deposited
that check in his own bank, and then went to the branch of the de-
fendant's bank at 104th street, and, concealing the fact of the cer-
tification of the $1,617.03 check at the main office at 83d street, had
the $1,500 check certified at the 104th street branch.    This was be-
tween 11 and 12 o'clock.    The teller at the 104th street branch did
not know of the certification at 83d street, which had made Lipkin's
account short.    This last certification took place a little before 12
o'clock, January 6th.    On Monday morning the cashier of the bank
saw Mr. Rankin, and told him of the mistake, and demanded a cor-
rection.    Rankin refused, and brought this suit to compel the bank
to pay the $1,500 check on account of its certification.    There were
no indorsers to be charged.    Lipkin, the drawer, knew that his ac-
count was short, and did not need notice to that effect.    No loss has

occurred on the check through the certification.  Rankin was notified in time to prevent any possible injury.  On Monday morning the notification to him was given.

The question presented is whether Rankin can, under these circumstances, maintain an action against the defendant on the $1,500 check by reason of its certification thereof, and, if so, the extent to which he is entitled to recover.  The defendant concedes that the plaintiff is entitled to $861.51, the balance Lipkin, the drawer of the check, had on deposit at the time the defendant certified the check in suit. The controversy is as to his right to recover any more than this amount.  The rule is correctly laid down by Daniel on Negotiable Instruments (section 1608), as follows:

"If the bank certifies a check to be good by mistake, under the erroneous impression that the drawer had funds on deposit when in fact he had none, or has been induced by some fraudulent representation to certify it as good, the certification may be revoked and annulled, provided no change of circumstances has occurred which could render it inequitable for such right to be exercised.  If the check still remains in the hands of the holder who held it when it was certified, and the mistake is discovered and notified to him so speedily that he has time afforded him to rectify and preserve the liability of indorsers, the bank may retract its certificate.  But if another person has become the holder of it, or circumstances have so changed that rights of the holder would be prejudiced, and especially if it has been paid to a bona fide holder without notice, it is absolutely estopped from doing so."

See, also, Bank v. Witherald, 36 N. Y. 335; Second Nat. Bank of Baltimore v. Western Nat. Bank of Baltimore, 51 Md. 133, 34 Am. Rep. 300.

"On general principles, mere negligence in making the mistake is not * * * sufficient to preclude the party making it from demanding its correction.  Such negligence does not give to the party receiving the payment the right to retain what was not his due, unless he has been misled and prejudiced by the mistake.  If his loss had been incurred and become complete before the payment, he should not, in justice, be permitted to avail himself of the mistake of the other party to shift the loss upon the latter."  National Bank of Commerce in New York v. National Mechanics' Banking Ass'n, 55 N. Y., at page 215.

Where a certificate is made without funds by a cashier, either by mistake or in fraud of the rights of the bank, none but a bona fide holder can enforce it.  Cooke v. Bank, 52 N. Y., at page 115.  Such a certificate will bind the bank in favor of innocent third persons, upon the principle of estoppel in pais.  Morse, Banks, § 155, par. i. If the plaintiff's position had been changed to his prejudice by reason of the certification, or the check as certified had found its way into the hands of a bona fide holder for value, and the action had been brought by him, different questions would be presented.  The check itself did not operate as an assignment of the funds in the hands of the defendant (Neg. Inst. Law, 1897, c. 612, § 211), and if the latter had not certified the check no liability whatever would have attached in favor of the plaintiff.  The small deposits made by Lipkin subsequent to the certification do not increase the defendant's liability. The defendant might have applied them to the check held by the plaintiff, but the plaintiff cannot compel the defendant to make such application, the relation occupied by the bank and its depositor in respect thereto being that of debtor and creditor.  The plaintiff claims

that if the check had not been certified he would have discharged Lipkin from his agency at once, and in that way prevented the collection of further rents by him, whereby loss might have been prevented. But such damages are altogether too remote to be recoverable against the defendant. Embezzlement and felonious breach of trust by an agent is by the Penal Code made larceny (section 528, subd. 2; People v. Dumar, 106 N. Y. 508, 13 N. E. 325; Same v. Ward, 3 N. Y. Cr. R. 504); and it is difficult to discover any legal principle for holding the bank responsible for felonious acts of dishonesty committed by the plaintiff's chosen agent. The defendant did not contract with reference to any such contingency, for it had the right to assume that the plaintiff had selected an honest agent. Such would naturally be within the contemplation of the parties. There is a well-known rule by which the principal is made liable to a third person for the fraud or other misfeasance of his agent, perpetrated by the latter in the course of his employment, although the principal did not authorize, justify, or know of his misconduct (Fifth Ave. Bank of New York v. Forty-Second St. & G. St. Ferry R. Co., 137 N. Y. 231; Trankla v. McLean, 18 Misc. Rep. 221, 41 N. Y. Supp. 385; Smith v. Hillenbrand, 15 Misc. Rep. 129, 36 N. Y. Supp. 485; Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779); but the converse of the rule has never been asserted or applied by any law writer or jurist. Nor does Trust Co. v. Toler (Sup.) 19 N. Y. Supp. 975, affirmed in 138 N. Y. 675, 34 N. E. 515, cited by the plaintiff, aid him in his contention. That decision is in harmony with Bank v. Witherald, supra, which it cites and follows. In conclusion, the court decides that the certification, at best, simply holds the defendant to the plaintiff for the moneys in the hands of the defendant at the time the certification was made, and for this sum ($861.51), with interest, the plaintiff is entitled to judgment.