# THE IRVING BANK IN THE CITY OF NEW YORK v. JAMES WETHERALD AND OTHERS.

*Note—Bank certifies good by mistake—Endorser, liable when.*

Where the teller of a bank at whose counter a note is payable, by mistake certifies that such note is good so that the presenting bank upon such information marks the note as paid, if the paying bank discover the mistake and give notice to the presenting bank in season to enable it to charge the endorsers of such note the paying bank will not be liable for the payment of such note; and should the paying bank pay to the presenting bank the amount of such note, and represent it at its own counter for payment and protest the same for non-payment, and then proceed to charge the endorsers thereof, it will be entitled to recover against parties thus charged. Neither the marking of the note paid by the presenting bank, nor the taking up of such note by the paying bank as above, amounts to payment of the note.

THE questions in this case arise upon the following facts, which are found by the judge who tried the cause, without a jury :

On the 7th day of December, 1858, one Morris Wilson made his note for $304.30, at eight months, payable at the Irving Bank, to his own order; he endorsed the same, and it was also endorsed by Wetherald & Young, the Defendants. Said note, before maturity, was duly discounted by the Seventh Ward Bank for the Defendants. On the day the aforesaid note matured the Seventh Ward Bank, as the owner thereof, presented it to the paying teller of the Irving Bank, who certified it in the usual manner as good, and charged the same to Morris Wilson, in the books of the Irving Bank. At this time Morris Wilson had no funds in the bank. Immediately upon said note being returned to the Seventh Ward Bank, certified, that bank caused the same to be stamped "paid." Upon the discovery by the officers of the Irving Bank of the mistake of their paying teller, in certifying said note, and before three o'clock of the same day, the said Irving Bank notified the said Seventh Ward Bank of the mistake, and requested the said certificate to be cancelled, which the said Seventh Ward Bank refused. Upon the refusal of said Seventh Ward Bank to

cancel said certificate, *the said Irving Bank paid to said Seventh Ward Bank the full amount of said note, and received the same into their possession, stamped "paid," as aforesaid ;* and thereupon, on the same day of its maturity, and before three o'clock, P. M., the same was again presented at the counter of the Irving Bank for payment, payment demanded, and the same duly protested for non-payment, and notice thereof given to the Defendants.

The Court directed judgment in favor of the Defendants. The General Term of the First District reversed this judgment, and ordered a new trial. The Defendants appeal to this Court, stipulating that if the order granting a new trial be affirmed, judgment absolute may be entered against them.

*Mr. Tyler* for Appellant.

*Mr. E. Fitch* for Respondent.

HUNT, J.—Both the judge at the Circuit, and the General Term, are of the opinion that the notice by the Plaintiffs to the Seventh Ward Bank, of the mistake in certifying Wilson's check to be good, before any steps had been taken, or any measures omitted by the Seventh Ward Bank, and while there was still time to fix all the parties upon the note, relieved the Plaintiffs from their liability on the certificate. In this opinion I concur. Such a certificate possessed no extraordinary or hidden power. It should impose no greater liability than its terms fairly require.

Divested of all technical terms, the transaction in question was simply this : The Seventh Ward Bank present for payment, at the Irving Bank, where it was made payable, the note of Morris Wilson. The making the note payable there, was a warrant from the maker to the latter bank, to pay it from his funds, and charge it to him. When the note is presented, the teller of the paying bank informs the presenter that the note is good ; in other words, that the maker has the funds in the bank to meet it. This information may be communicated verbally, by letter, or by a memorandum on the note, ordinarily called a certificate. If the note were presented by an individual, the money would ordinarily be paid to him, in satisfaction, and the note left with the paying

bank. In the case of a bank, the note is taken back by the party owning it, to be returned the next day in the settlement of exchanges, as an item of credit in its favor and against the certifying bank. This is the usual course of business in the city of New York. The correctness of this certificate is a matter which the certifying bank has the means of knowing, and it is bound to state correctly. If the presenting bank relies upon its accuracy, and fails to charge the endorsers, as upon non-payment on presentation, the certifying bank is estopped from denying the truth of its statement. Having asserted of its own knowledge that the maker had funds in its bank to meet the note, and the presenting bank having omitted to charge its endorsers in reliance upon such statement, the certifying bank will not be permitted to go behind its own statements. The teller of the bank is the proper officer to make this statement, and his statement binds the bank, whether accurate or erroneous. These principles were established in Meads v. The Merchants' Bank of Albany (25 N. Y. 143), and in Farmers' and Mechanics' Bank of Kent County v. Butchers' and Drovers' Bank (16 N. Y. 125). In the present case, the Irving Bank discovered its error in stating that it had funds for the payment of Wilson's note, in sufficient time to prevent any loss in consequence of the error. It immediately notified the Seventh Ward Bank of the error, and in time to enable it to make a representment, if necessary, and to charge the endorsers. No damage, therefore, could accrue to the latter bank from the erroneous information. They were bound to accept and to act upon the corrected information, if there were time and opportunity to do so. I agree with the Court below that the Plaintiffs might have stopped at that point, and there would have been no liability on their part to the Seventh Ward Bank. That bank went farther, however, and upon the refusal of the Seventh Ward Bank to cancel their certificate, paid to that bank the amount of the note, represented it at their own counter, and gave notice of non-payment to the Defendants as endorsers thereof. This the judge at Special Term held to amount in law to a payment of the note. The General Term held otherwise, and reversed his

judgment.   It was agreed by the judge at Special Term, that the certificate of the paying teller was not payment of the note. In this he was no doubt correct.   It has also been held, and correctly, that the stamping a note as " paid," or marking it with a cancelling hammer, does not constitute a payment (Scott *v.* Betts, Lalor's Sup. to H. & D. 363, and note; Watervliet Bank *v.* White, 1 Denio, 608).   That the advance of the amount of the note by the Plaintiffs to the Seventh Ward Bank was made to relieve them from an apprehended liability on their certificate, and was not intended by them to be in discharge of the note, is obvious from the immediate representment of the note for payment, and notice to the endorsers that the same had not been paid.   There could have been no other purpose in this than to charge the parties to an existing note.   So, if they had intended a payment and discharge of the note, they would have allowed its return in the exchanges of the day following, in the usual course of business, instead of making a special payment of the same.   The judge has not found as a fact that the note was intended to be paid by the Irving Bank, or that it was paid by them.   He could not have so found upon the testimony with propriety.   He simply finds that the Plaintiffs paid " the amount of the note" to the Seventh Ward Bank, and he holds as a legal result, that the advance of the money, under the circumstances stated, operated to discharge and cancel the note.   In this conclusion I think he erred.   The Plaintiffs took the note as a purchaser, and acquired the rights of a holder.   See Watervliet Bank *v.* White (1 Denio, 608).   In that case the Watervliet Bank, at whose counter the note was made payable, received it from the holder for collection, and having an account with the maker, which, however, was not good for the amount, charged it to him, and paid it to the holder, at the same time placing upon it a cancelling mark.   By the practice of the bank this mark only denoted that the note was charged.   In a suit on the note by the bank, as endorser, against the maker, it was held that the bank held it with the rights of a purchaser, and could maintain the action.

In the present case, the Plaintiffs feared a liability to the

Seventh Ward Bank, by reason of their mistaken certificate of the goodness of the note. They advanced to that bank its amount for the purpose of representing it for payment, notifying the endorsers, and holding it as an existing security. The Defendants are endorsers duly charged. They received, themselves, the amount of the note upon its discount. It has never been paid, and is now an available security in the hands of the Plaintiffs.

Order of the General Term should be affirmed, and judgment absolute ordered in favor of the Plaintiffs for the amount of the note and interest.

Affirmed.

JOEL TIFFANY,
State Reporter.