MARCH TERM, 1909. 649

*48 Vroom.* Times Sq. Auto. Co. v. Rutherford Nat. Bank.

TIMES SQUARE AUTOMOBILE COMPANY, PLAINTIFF IN ERROR, v. RUTHERFORD NATIONAL BANK, DEFEND-ANT IN ERROR.

Argued March 15, 1909—Decided June 14, 1909.

When a check of a depositor is certified by a bank, at the request of the holder, the obligation of the bank to the holder is the same as if the money called for by the check had been actually paid out by the bank to the holder, redeposited by the latter to his own credit, and a certificate of deposit issued to him therefor.

On error to Bergen Circuit Court.

For the plaintiff in error, *Guy L. Fake*.

For the defendant in error, *Luther Shafer*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. One Purdy, being desirous of purchasing a second-hand automobile, employed Millard Ashton, an automobile salesman, to assist him in making a proper selection. Ashton took him to the salesroom of the Times Square Automobile Company, and, after looking over its stock, Purdy, with Ashton's approval, selected a car, the price of which was $600, and gave his check on the Rutherford National Bank for the purchase price. The check was drawn to the order of Ashton who endorsed it and delivered it to the manager of the automobile company. Immediately after receiving it the automobile company sent it by special messenger to the banking-house of the Rutherford National Bank with a request that it be certified. This request was complied with. Afterward, when the check was presented for payment, the bank refused to honor it, upon the ground that it had received instructions from Purdy not to pay it. The automobile company thereupon brought suit against the bank on its contract of certification. The defendant admitted that it had

certified the check, and that it did so at the request of the plaintiff, the holder thereof, but sought to justify its refusal to pay upon the ground that Purdy had been induced to purchase the car by false representations made by the manager of the plaintiff as to its condition and value. It was contended on behalf of the plaintiff that this defence was not open to the defendant. It was, however, admitted over its objection. At the close of the case plaintiff asked for a direction of a verdict in his favor. This request was refused, the case was sent to the jury and a verdict in favor of the defendant was rendered. The plaintiff now seeks a reversal of the judgment entered upon that verdict, on the ground that its request for a direction in its favor should have been complied with.

The effect of the certification of a check by the bank upon which it is drawn depends upon whether it is done at the request of the drawer or of the holder. When a check is presented by the drawer for certification, the bank knows that it has not yet been negotiated, and that the drawer wishes the obligation of the bank to pay it to the holder, when it is negotiated, in addition to his own obligation. A certification under such circumstances does not operate to discharge the drawer (*Minot* v. *Russ*, 156 *Mass.* 460; 5 *Am. & Eng. Encycl. L.* 1056), and so long as the drawer remains undischarged, such a defence as that set up in the present case is open both to him and to the bank. But when the certification by the bank is done at the request of the holder the effect is radically different. The transaction, then, is virtually this: The bank says, "That check is good; we have the money of the drawer here ready to pay it; we will pay it now if you will receive it." The holder says, "No, I will not take the money now, you may retain it *for me* until the check is presented for payment." The bank replies, "Very well, we will do so." *First National Bank of Jersey City* v. *Leach*, 52 *N. Y.* 353. The result is to discharge the drawer from any further liability on the check (*Negotiable Instrument act*, § 188; *Pamph. L.* 1902, *p.* 614), and to substitute a new contract between the holder and the bank by the terms of which the money called for by the check is transferred from the account of the drawer to the account

of the holder. In contemplation of law the obligation of the bank to the holder, when the certification is at his request, is the same as if the funds had been actually paid out by the bank to him, by him redeposited to his own credit, and a certificate of deposit issued to him therefor. 5 *Am. & Eng. Encycl. L.* 1055; *Dan. Neg. Inst.,* § 1603.

The defendant, in refusing payment of Purdy's check, apparently considered that its obligation to the holder was no greater than if its certification had been made at Purdy's request. It failed to realize that its act operated as a payment of the check, so far as Purdy was concerned, and transferred the moneys which it called for to the account of the plaintiff. The situation was the same, so far as the defendant was concerned, as if Purdy had paid cash to the plaintiff for the car which he had purchased, and the plaintiff had then deposited the cash in the defendant's bank. Having accepted the plaintiff's money, and issued to him a certificate of deposit therefor, it did not concern the defendant from whom, or how, or under what circumstances the money had been obtained. Its contract required it to pay the amount of the deposit to the plaintiff, or its order, and it could not avoid its obligation to do so by showing that the plaintiff had fraudulently obtained the money which it had deposited with the defendant.

The defence interposed should have been overruled, and a verdict directed for the plaintiff. The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 15.