(93 Misc. Rep. 94)

### BALDINGER & KUPFERMAN MFG. CO. v. MANUFACTURERS'-CITIZENS' TRUST CO.

(Supreme Court, Appellate Term, Second Department.   December Term, 1915.)

1. BANKS AND BANKING ⬅➡145—CHECKS—ACCEPTANCE—RIGHT TO INVOKE.

   Although the rule is that a bank accepting and certifying a check becomes the principal debtor and the maker is discharged, only bona fide holders can enforce the certificate against the bank, if it was made through mistake; the bank being liable to them on the principle of estoppel in pais, but being entitled to revoke the certification, if done immediately and before change of circumstances, as against the original holder.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 419–433; Dec. Dig. ⬅➡145.]

2. BANKS AND BANKING ⬅➡145—CHECKS—ACCEPTANCE—REVOCATION.

   Where the drawer of a check stopped payment thereon, and subsequently the bank through mistake certified the check to the payee, who deposited it in his bank, and the certifying bank refused payment on presentment, the payee could not enforce payment by the bank, since the drawer was still liable on the check, due to his stopping payment thereon, and the payee could therefore show no change of circumstances nor injury to himself.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 419–433; Dec. Dig. ⬅➡145.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the Baldinger & Kupferman Manufacturing Company against the Manufacturers'-Citizens' Trust Company.   From a judgment dismissing the complaint upon its merits, plaintiff appeals.   Affirmed.

Argued November term, 1915, before MADDOX, KAPPER, and KELBY, JJ.

Julius S. Belfer, of Brooklyn, for appellant.

Edward Lazansky, of New York City, for respondent.

KAPPER, J.   [1] Plaintiff, payee of a check for $50 drawn to its order upon the defendant by one Rudolph Hercosvici, dated January 20, 1915, sues the defendant for the amount of the check, which the defendant's teller on March 17, 1915, accepted; plaintiff claiming that the acceptance transferred the drawer's funds to the plaintiff, despite the fact that the defendant had stopped payment of the check when presented to it for payment by the plaintiff's bank.   On February 4, 1915, the drawer, Hercosvici, duly notified the defendant to stop payment on the check; but by the mistake of the defendant's teller in omitting to recall the stop-payment order the check was nevertheless certified and accepted.   Immediately upon the defendant's acceptance the plaintiff deposited the check in its bank, and its account therein was duly credited with the $50; but upon the defendant's refusal to pay, which it evidenced by stamping upon the face of the check the words, "Payment stopped," plaintiff's account in his said bank was thereupon debited.   The result is that plaintiff is in possession of the check without proof of any loss or injury to it, unless we decide that

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the drawer, Hercosvici, was discharged by the acceptance mistakenly made by the defendant. Unless, therefore, the drawer was discharged, the case is barren of proof of harm to the plaintiff resulting from the defendant's refusal to pay.

Plaintiff does not seek to hold the defendant trust company (a banking institution) on the theory of negligence in mistakenly certifying the check after the drawer had stopped payment, but rests its case wholly upon the claim that the bank was liable upon its contract of certification, under the rule that a bank, having accepted a check, becomes the principal debtor. The rule which plaintiff invokes is stated in Anglo-South American Bank v. National City Bank, 161 App. Div. at page 275, 146 N. Y. Supp. at page 462, as follows:

"The effect of a certification of a check at the instance of the payee, or other holder thereof, is to create a new contract between the drawee and payee, or other holder, for the payment of the amount thereof, and the drawer is thereby released from liability thereon."

The doctrine stated is too well supported by authority to permit of discussion (see Carnegie Trust Co. v. First Nat. Bank, 213 N. Y. 301, 107 N. E. 693), and, indeed, it is but a statement, in other phraseology, of section 324 of the Negotiable Instruments Law (Consol. Laws, c. 38), which provides:

"Where the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon."

If, however, the mere certification did not discharge the drawer from liability, and no injury or change of circumstances to the plaintiff is shown to have occurred from the refusal of the defendant to pay the check, an exception to the general rule as well as to the statute is presented. For a just disposition of the case it is to be likened to the instance of a certification by mistake where there were no funds to meet the check. The only distinction here is that the drawer by direction prevented an application of his funds to the check, which, in effect, was the same as though there were an entire absence of funds. And where a certificate is made without funds by a bank cashier through mistake, none but a bona fide holder can enforce it. Cook v. State Nat. Bank, 52 N. Y. 115, 11 Am. Rep. 667. Such a certificate will bind the bank in favor of innocent third persons upon the principle of estoppel in pais. Morse on Banks, § 155, subd. "i." As was said by McAdam, J., in Rankin v. Colonial Bank, 31 Misc. Rep. 227, 230, 64 N. Y. Supp. 32, 33:

"If the plaintiff's position had been changed to his prejudice by reason of the certification, or the check as certified had found its way into the hands of a bona fide holder for value, and the action had been brought by him, different questions would be presented."

Where a bank gives immediate notice of mistake in certification, and no change in circumstances has occurred by reason of the mistaken certification, a revocation of the certificate that the check was good can be made. Brooklyn Trust Co. v. Toler, 65 Hun, at page 190, 19 N. Y. Supp. 975. To the same effect is the case of National Bank v. Steele & Johnson Co., 58 Hun, 81, 11 N. Y. Supp. 538. In Mt.

Morris Bank v. Twenty-Third Ward Bank, 172 N. Y. 244, 64 N. E. 810, a case of certification through a mistake as to the condition of the maker's account with the bank, where, within a very short time, on the same day, the bank discovered the error and gave due notice thereof, and where it appeared that the rights of no party was affected by the certification, the bank was held not to be estopped from showing that it certified the check through mistake (citing Irving Bank v. Wetherald, 36 N. Y. 335). In Rankin v. Colonial Bank, supra, the court quote from Daniel on Negotiable Instruments, § 1608, as follows:

"If the bank certifies a check to be good by mistake, under the erroneous impression that the drawer had funds on deposit, when in fact he had none, or has been induced by some fraudulent representation to certify it as good, then certification may be revoked and annulled, provided no change of circumstances has occurred which could render it inequitable for such right to be exercised. If the check still remains in the hands of the holder who held it when it was certified, and the mistake is discovered and notified to him so speedily that he has time afforded him to notify and preserve the liability of indorsers, the bank may retract its certificate; but if another person has become the holder of it, or circumstances have so changed that the rights of the holder would be prejudiced, and especially if it has been paid to a bona fide holder without notice, it is absolutely estopped from doing so."

The distinction was pointed out by Cardozo, J., in Carnegie Trust Co. v. First Nat. Bank, supra, at page 306 of 213 N. Y., at page 695 of 107 N. E., where, in speaking of a lack of power upon the part of a bank to resist the enforcement of its contract of certification in order to make a set-off available to its depositor, he said:

"There is no analogy between such a case and cases where, because of forgery of the check, or because of ignorance of the true state of its depositor's account, the action of the certifying bank is itself the product of mistake" (citing Irving Bank v. Wetherald, supra, and Mt. Morris Bank v. Twenty-Third Ward Bank, supra).

[2] The rule to be deduced from the authorities, as applicable to the case at bar, is that where a bank through the mistake of its teller certifies a check upon which the payment has previously been stopped, and the check has not left the hands of the payee, who shows no change of circumstances and no harm or injury to himself, and where the drawer is not discharged by the certification, for the reason that he has himself created the situation by stopping payment before the mistaken certification is made, the case is taken out of the rule of liability of a bank upon its certification, and no recovery against the bank, upon suit by such payee, will lie.

The judgment must be affirmed, with costs.   All concur.