## President and Directors of the Manhattan Company, Plaintiff, *v.* William Tunick, Defendant.

Supreme Court, New York County, October 9, 1929.

*Rushmore, Bisbee & Stern,* for the plaintiff.

*Benjamin I. Tunick,* for the defendant.

Sherman, J. A depositor in plaintiff bank drew in April, 1929, three checks which, after indorsement by the payees and others, came into the possession of defendant. These checks were post-dated as of June 10, 1929. While the checks were in the possession of defendant, on or about May 10, 1929, the drawers directed

plaintiff not to pay the checks but to dishonor them upon presentation. Such instruction remains unrevoked. On the following day defendant was notified of the existence of this stop payment order. Defendant, nevertheless, after the lapse of nearly thirty days, presented the checks at the plaintiff bank, on June 10, 1929, and requested certification, without informing the bank that he had received such notification. Although the bank had been directed not to pay the checks, and, furthermore, the drawers of the checks had no funds on deposit with the bank, nevertheless, by mistake, the checks were certified. Defendant thereupon indorsed and delivered the certified checks for value to S. Jacobs & Co., which became the owner of the checks. The checks were thereupon indorsed by S. Jacobs & Co. and presented by S. Jacobs & Co. for payment to plaintiff, on or about June 11, 1929. Plaintiff refused to pay the checks on the ground that the certifications were the result of mistake and notified defendant and S. Jacobs & Co. that the payment of the checks had been stopped, that the certifications had been made in error, and that because of such mistake plaintiff canceled the certifications. At the time of the presentation of the checks for payment, the checks were duly protested for non-payment, of which due notice was given to each of the indorsers, including the defendant and to the makers, who were also notified by plaintiff that the certifications of the checks had been revoked and canceled by plaintiff because of the aforesaid mistake; thereafter S. Jacobs & Co. delivered the checks to plaintiff upon payment of the amount of the checks, with interest and protest fees; the payment was not intended to discharge the checks but was made to relieve plaintiff " from an apprehended liability " to S. Jacobs & Co. and for the purpose of " holding the checks as an existing security." Thereby plaintiff became and has remained the owner of the checks.

The foregoing facts are averred in the complaint, which is attacked for insufficiency; they are to be regarded upon this motion as in all respects true.

By a valid certification a bank guarantees the drawer's signature, represents that it has funds of the drawer in its possession sufficient to meet the check and engages that the funds should not be withdrawn from it by the drawer to the prejudice of any *bona fide* holder of the check. (*Clews* v. *Bank of New York Association*, 89 N. Y. 418.) Such a certification creates a legal obligation upon the part of the bank without regard to the condition of the depositor's account. (*People* v. *St. Nicholas Bank*, 77 Hun, 159.) The liability of the drawer as well as of indorser to a holder is released where the holder of the check causes it to be certified.

(Neg. Inst. Law, § 324.)   On the other hand, where the certification has been made by mistake, a bank acting promptly may revoke it, so long as the holder has lost nothing nor changed his position in reliance thereon and no right belonging to him with respect thereto is diminished.   (*Irving Bank* v. *Wetherald*, 36 N. Y. 335; *Mount Morris Bank* v. *Twenty-Third Ward Bank*, 172 id. 244.)

The facts pleaded establish no cause of action.   Plaintiff apparently bases its claim for recovery upon the ruling in *Irving Bank* v. *Wetherald* (36 N. Y. 335) where the certifying bank promptly revoked a certification made by mistake and obtained possession of the instrument by paying the amount thereof to the holder; and after protesting the note for non-payment it brought suit against defendants who had indorsed the paper prior to certification. No rights had been altered by the cancellation, and a recovery was sustained.   Here, however, defendant indorsed the note after certification.   His engagement was to pay upon default of the acceptor, the plaintiff, which had then become the only person liable on the instrument.

Defendant's position would be changed by a cancellation of the acceptance if thereby plaintiff was relieved of its obligation and the indorser be held liable as if he had indorsed uncertified checks. The attempted cancellation of the certification under such circumstances is of no avail against defendant.   Plaintiff is in fact attempting to fix liability upon the indorser of paper upon which it is liable as a maker.   No such engagement was assumed by the indorser. (Neg. Inst. Law, §§ 113 *et seq.*)   Clearly a maker may not by purchase of his own paper from a holder escape liability by maintaining a successful suit against a subsequent indorser.   Therefore, no cause of action against defendant came to plaintiff from S. Jacobs & Co. upon payment to it as set forth in the complaint.   Nor does the complaint state a cause of action in fraud.   The mere omission by defendant when seeking certification to tell plaintiff that he knew that payment of the check had been stopped is not of itself fraud. Defendant was under no active duty to the bank to make any statement.   They were dealing at arm's length.   Motion to dismiss the complaint is granted with leave to serve an amended complaint within twenty days upon payment of ten dollars costs.