CELLIZED FLOORS, INCORPORATED, PLAINTIFF, v. GLENS FALLS INDEMNITY COMPANY, A CORPORATION OF STATE OF NEW YORK, DEFENDANT.

Decided November 6, 1931.

For the plaintiff, *Riggins & Davis.*

For the defendant, *Starr, Summerill & Lloyd.*

ELDREDGE, J. On or about the third day of October, 1929, in accordance with the terms of an act of the legislature of New Jersey (*Pamph. L.* 1918, *p.* 203), known as "An act to protect persons performing labor or furnishing materials for the construction, alteration or repair of public works," approved February 16th, 1918, the defendant Glens Falls Indemnity Company as surety entered into a bond to the board of education of the city of Bridgeton, Cumberland county, New Jersey, together with Joseph Costanza and Edward Costanza, partners, trading as Costanza Brothers as principal. The condition of said bond was for the payment by the contrator and by all subcontractors of all claims for labor performed or materials furnished in the construction of the work called for by a contract entered into between the board of education of Bridgeton and Costanza Brothers.

Prior thereto, namely, on the 25th day of September, 1929, the plaintiff in the present suit entered into a contract in writing with the said Costanza Brothers for the furnishing of certain materials and the performance of certain labor upon the Bridgeton junior high school in question, which materials and labor were to be furnished and performed in accordance with the terms and specifications of the contract with the school board above referred to for the price or sum of $9,453. Subsequent thereto, a supplemental contract was made between the plaintiff and Costanza Brothers providing for extra work and materials amounting to $954.84, and there was also an additional claim for extra labor and materials amounting to $25, making a total due the subcontractor, the plaintiff in this case, of $10,432.84. On account of this amount, the plaintiff was paid certain sums and it allowed certain credits, so that there was a balance due of $1,586.17.

Several days prior to March 16th, 1931, Costanza Brothers made and delivered to the plaintiff their check, bearing the above date, in the sum of $1,561.67, payable to the plaintiff's order. At the time of the delivery of the check, the plaintiff in this suit executed the regular release of liens, discharging the land and buildings from any liability for its claims. The plaintiff, in due course of business, deposited the check in question, but when it was presented to the American National Bank of Camden, New Jersey, the bank upon which the check was drawn, payment was refused for lack of sufficient funds of the said Costanza Brothers, and the said check was duly protested for non-payment thereof, and the plaintiff has never been paid.

On or about April 9th, 1931, final settlement was made by the board of education of Bridgeton with the said Costanza Brothers, and at that settlement, a representative of the defendant company was present, and upon the statement by Costanza Brothers that all claims against them for work done and materials furnished were paid, the said representative consented to the payment by the board of education of the balance due the said Costanza Brothers upon the original contract. The affidavits disclose the fact that at the time this

final settlement was made, the defendant in this case had no knowledge whatever to the delivery of the post-dated check in March to the plaintiff, or of its non-payment when presented to the bank.

The plaintiff now seeks to recover from the defendant company under the additional bond above referred to, and in answer to its complaint, the defendant sets up two defenses. The first is that the acceptance of the check by the plaintiff constituted payment by Costanza Brothers and hence the defendant has no further obligation. The second is that the plaintiff, having accepted the check and signed the release of liens, is estopped from now setting up the fact that it has not been paid.

The first ground seems to the court to be wholly untenable.

The mere acceptance of the check would not constitute payment, particularly so if it be post-dated, which happened in the instant case. A post-dated check is never more than a written promise to pay at some future date. "A check or promissory note, either of the debtor or third person, received for a debt, is not payment, if not itself paid except in cases where it is positively agreed to be received as payment." *Freeholders of Middlesex* v. *Thomas & Martin*, 20 *N. J. Eq.* 39.

Whatever inferences might be drawn from the circumstances surrounding the delivery of the check in question had it been immediately payable, certainly the very fact that it was post-dated negatives its acceptance as payment for the amount due under the contract and the discharge of Costanza Brothers. The affidavit of Jeannee M. Salvatore, bookkeeper for Costanza Brothers, is too indefinite on this point to be given much weight, and whatever may be its value is more than overcome by the affidavit of William F. Livezey, Jr., president of the plaintiff company.

The first defense being thus disposed of, it remains to consider the second, namely, the estoppel. The defendant alleges that by reason of the signing of the release of liens, it was induced to permit payment by the school board to Costanza Brothers, who, at the time of settlement, alleged that all claims were paid and signed an affidavit to that effect.

In order that the defendant may take advantage of the doctrine of estoppel, it must appear that the conduct of the plaintiff was either intended to deceive the defendant or was of such a nature that a reasonably prudent person would have been deceived by it; secondly, the defendant must have acted upon the conduct; and in the third place, the defendant company must have been without knowledge of the real facts. If it had knowledge of the truth or had means by which with reasonable diligence it could acquire knowledge, it cannot claim to have been misled by relying upon the conduct of the plaintiff. In applying these principles two things are to be borne in mind. In the first place, no actual receipt was ever given by the plaintiff for payment alleged to have been made to it. All that was signed or executed by the Cellized Floors, Incorporated, was a release of liens, the effect of which was to discharge the land and buildings, and was in nowise to release Costanza Brothers from their obligation to make payment under their contract. An examination of the instrument in question discloses that fact. In the second place, the affidavit attached to and made part of the release of liens, executed by Costanza Brothers, would not be binding upon the plaintiff and was to the knowledge of the defendant untrue. All claims had not been paid, as stated in the affidavit, and of this fact the defendant had knowledge. Mr. Frederick C. Black, superintendent of the company's office in Philadelphia, who was present at the settlement, states in his affidavit filed for the purpose of this motion, that "at the time of final settlement, all creditors of Costanza Brothers who had not signed the release of liens were paid in full from the moneys in the hands of the board of education aforesaid." His own affidavit then discloses the fact that all claims had not been paid as was stated in the affidavit referred to by counsel for the defendant and relied upon by him in this case.

A representative of the defendant company was present when the settlement was made by the school board with Costanza Brothers, and an examination of the release would have

disclosed its nature. The particular purpose of the act of the legislature providing for an additional bond is to assure the payment of the materialmen and laborers, and there is nothing in the release that relieves the defendant company from its obligation. Materialmen and laborers are not protected in a bond given by the contractor for the faithful discharge of the covenants of the contract, and this additional bond is given for the express purpose of protecting them. The mere giving of a release of liens upon the lands and building would not of itself be such an act as would discharge the defendant company, particularly where it had every opportunity to inquire as to the nature of the instrument given.

Under facts which are practically identical with those contained in the present case, the Superior Court of the State of Pennsylvania in the case of School District of the Borough of Ridley Park, Delaware county, Pennsylvania, to the use of M. D. Gould, Incorporated, v. Seaboard Surety Company, in an opinion filed December 12th, 1930, held the surety company liable.

This court, for the reasons above stated and in complete agreement with the principles enunciated in the Pennsylvania decision just referred to, will make an order striking the answer.