METROPOLITAN LIFE INSURANCE COMPANY, Respondent, *v.* THE BANK OF UNITED STATES, Appellant, Impleaded with Another.

(Argued June 2, 1932; decided July 19, 1932.)

*Arthur Ofner, Warren C. Fielding, Charles F. Preusse* and *Carl J. Austrian* for appellant. Whether the check was certified by mistake presented a clear question of

fact for the determination of a jury. (*Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467; *Smith* v. *Eighth Ward Bank*, 31 App. Div. 6; *Meyers* v. *N. Y. County Nat. Bank*, 36 App. Div. 482; *People* v. *St. Nicholas Bank*, 44 App. Div. 313; *Crosby* v. *Bank of Niagara*, 154 N. Y. Supp. 883; *Smith* v. *Finkelstein*, 162 App. Div. 128; *Gale* v. *Frost Anderson Sales Co.*, 216 App. Div. 780; *Bartholdi* v. *Hickson*, 79 Misc. Rep. 245; *Wirth* v. *Kahlenberg*, 31 Misc. Rep. 803; *Irving Bank* v. *Wetherald*, 36 N. Y. 335; *Brooklyn Trust Co.* v. *Toler*, 65 Hun, 187; 138 N. Y. 675; *Mt. Morris Bank* v. *Twenty-third Ward Bank*, 172 N. Y. 244; *National Park Bank* v. *Steele & Johnson Mfg. Co.*, 58 Hun, 81; *Greenberg* v. *World Exchange Bank*, 227 App. Div. 413; *President & Directors of Manhattan Co.* v. *Tunick*, 134 Misc. Rep. 863; *Baldinger & Kupferman Mfg. Co.* v. *Manufacturers-Citizens' Trust Co.*, 93 Misc. Rep. 94; *Burkhalter* v. *Second Nat. Bank*, 42 N. Y. 538; *Bombas* v. *Fisher*, 180 N. Y. Supp. 449; *Seigel* v. *Kovinsky*, 93 Misc. Rep. 541; 174 App. Div. 857; *Mosel* v. *Frank Brewing Co.*, 2 App. Div. 93; *Hathaway* v. *County of Delaware*, 185 N. Y. 368.)

*Frederick C. Tanner* and *Thomas McCall* for respondent. The right of a bank to enforce its liens upon the depositor's funds cannot avail to the bank as a defense, after it has certified a check of the depositor in an action on the check. (*National Bank of Newburgh* v. *Smith*, 66 N. Y. 271; *Reichert* v. *Spiess*, 203 App. Div. 134.) When a bank certifies a check, the bank engages and represents that it has funds in its possession sufficient to meet the instrument and a legal obligation is created by the certification on the part of the bank to pay the check without regard to the condition of the depositor's account. (*Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301; *Freeport Bank* v. *Viemeister*, 227 App. Div. 457; *President & Directors of Manhattan Co.* v. *Tunick*, 134 Misc. Rep. 863.) Plaintiff has been prejudiced by its acceptance

of the check in suit because of the certification thereof. (*Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301.)

O'BRIEN, J.   The complaint alleges that defendant Hotel Martinique, Inc., for a consideration, delivered to plaintiff a certified check drawn by the hotel company upon defendant the Bank of United States for $11,000, and that upon presentation the bank refused payment. Judgment is demanded for the amount of the check together with the protest fee and interest and costs. The answer of the bank alleges that the certification was made through error; that at the time the check was presented for certification, the hotel company's account was held subject to a lien for a sum in excess of the amount of the check and that the certification clerk overlooked and failed to note the fact that a " hold " order had been placed against that account; that the bank immediately notified plaintiff of the mistake and that plaintiff has suffered no loss as a result of the erroneous certification. The answer of the hotel company alleges that the check was accepted by plaintiff in full settlement and discharge of the hotel's obligation and that it has been wholly discharged.   On motion by plaintiff for summary judgment, its president by affidavit alleges that, upon receipt of the check, credit was given by plaintiff to the Hotel Martinique for $11,000 and that plaintiff relied upon the bank's certification.   The bank's opposing affidavits set forth that the hotel company had $21,000 on deposit but that it owed the bank $60,000 on a note resulting in an indebtedness of $39,000.   Upon default in payment of the note, the bank caused the hotel's account to be placed in a green jacket and marked " hold — refer all checks to Mr. Adamson," and all employees were directed to take his instructions before honoring any checks. At that time the hotel also owed plaintiff an installment of interest on a mortgage and drew the check, which is the subject of this litigation, to plaintiff's order for

$11,000, and presented it to the bank for certification. The temporary certification clerk who received it, according to the affidavit of an assistant vice-president, misunderstood the information conveyed to him by the bookkeeper and, instead of obtaining Mr. Adamson's instructions, certified the check. Immediately thereafter, according to the same affidavit, plaintiff was informed that this error had been committed and that on account of it the check would not be honored.

If the check was in fact certified by mistake and if plaintiff's position was not in fact changed on the faith of the certification, the bank has an equitable defense (*Irving Bank* v. *Wetherald*, 36 N. Y. 335; *Mt. Morris Bank* v. *23rd Ward Bank*, 172 N. Y. 244; *Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301, 306), and this action as against it cannot be maintained. The allegations in the bank's answer and in its opposing affidavit are sufficient to raise a substantial issue of fact in relation to error in certification. The impounding of the hotel's account is susceptible of the inference of an attempt to assert a lien and the bank's answer when fairly interpreted may be held to deny the existence of a balance in favor of the hotel company. The complaint embraces no averment of reliance upon the certification to an extent warranting a legal conclusion of injury to plaintiff. Its president's affidavit stating that it relied upon the certification does not set forth the result of such reliance other than that it gave credit to the hotel company. The answer by that defendant alleging a full settlement and discharge of its obligation to plaintiff requires proof. In its present form it may be regarded as a conclusion without facts to support it. If there was merely a book entry of payment, the settlement would constitute nothing more than a conditional one dependent upon the intent of the parties. A jury could infer that plaintiff accepted the check not as payment but as a means of payment which failed. The pleadings and affidavits do not prove that

plaintiff has lost any right which it had against the hotel. The record before us presents issues for a jury and, therefore, summary judgment should not have been granted.

The judgments should be reversed and the motion for summary judgment denied, with costs in all courts.

CRANE, J. (dissenting). The Hotel Martinique, Inc., had sufficient balance with the Bank of United States to meet the check for $11,000, drawn to the order of the Metropolitan Life Insurance Company. The bank certified the check. At the time it had not appropriated the funds to any lien or indebtedness of its own. Had it paid the check — cashed it — the money could not have been recovered. Certification in business transactions to-day is equivalent to cashing a check, so long as the bank be solvent, *i. e.*, the bank by its certificate agrees to keep the funds to pay the check and to pay it. (*White* v. *Eiseman*, 134 N. Y. 101, 107; *Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301.)

Besides, the Hotel Martinique, Inc., with this certified check paid its indebtedness to the Metropolitan Life Insurance Company and received credit therefor. The debt was paid and discharged. Too late now for the bank to claim a mistake in certification when the insurance company received its promise in payment of the drawer's obligation.

I am for affirmance.

POUND, Ch. J., KELLOGG, HUBBS and CROUCH, JJ., concur with O'BRIEN, J.; CRANE, J., dissents in opinion in which LEHMAN, J., concurs.

Judgment accordingly.