DAVID J. WELCH, Respondent, v. BANK OF THE MANHATTAN COMPANY, Appellant.— The action is to recover on two checks totaling $2,750, drawn on the defendant bank to the order of the plaintiff by one Ernest J. Pirman and certified at the latter's request. The checks were delivered by Pirman to plaintiff as part payment for the purchase and sale of a parcel of real estate. Plaintiff presented the checks to the bank but payment was refused. The refusal was at the request

of the drawer, Pirman, who claimed that plaintiff had breached the contract of purchase and sale and had committed serious waste on the property. Defendant moved to interplead Pirman as party defendant. Plaintiff made a cross-motion for summary judgment. The City Court of the City of New York, County of Kings, denied both motions. The Appellate Term affirmed the order denying defendant's motion to interplead Pirman as a party defendant and reversed the order denying plaintiff's motion for summary judgment and granted the motion. Defendant appeals by permission of this court. Order of the Appellate Term which affirmed an order of the City Court of the City of New York, County of Kings, denying defendant's motion to interplead an additional party defendant, and reversed an order of said City Court denying plaintiff's motion for summary judgment and granted such motion, reversed on the law and the facts, the order of the City Court denying defendant's motion for interpleader reversed, and the motion granted, and the order of the City Court denying plaintiff's motion for summary judgment reinstated, with ten dollars costs and disbursements in this court and in the Appellate Term, with leave to plaintiff to renew the motion after service of an answer by the interpleaded defendant. Where, as in the instant case, the certification was at the request of the drawer, the drawer was not discharged from liability. The certification merely operated as an assurance that the check is genuine and that the certifying bank becomes bound with the drawer. (*Davenport* v. *Palmer*, 152 App. Div. 761 and cases cited.) Under the circumstances, defendant should be permitted to interplead Pirman as a party defendant so that he may interpose a defense based upon his claim of fraud and waste and thereby compel plaintiff and Pirman to litigate on the trial which of the two is entitled to the moneys set aside and being held by the bank for the payment of the checks. (*Times Square Auto Co.* v. *Rutherford Nat. Bank*, 77 N. J. L. 649, 650; 73 A. 479.) It is only where a check is certified at the request of the payee or holder that a bank may not resist the enforcement of its contract of certification in order to make a setoff or counterclaim available to its depositor. (Cf. *Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301, 306.) Obviously the reason for this is that under such circumstances the drawer is discharged from any further liability on the check since the certification is equivalent to an acceptance (Neg. Inst. Law, § 324) and a complete novation occurs, creating the relation of debtor and creditor between the payee or holder and the bank. In view of the granting of the order of interpleader, the motion for summary judgment must be denied at this time, but plaintiff may renew the motion after the service of an answer by the interpleaded defendant, if he be so advised. Lazansky, P. J., Johnston, Taylor and Close, JJ., concur; Adel, J., not voting.