Fiss Corp., Plaintiff, *v.* National Safety Bank and Trust Company of New York, Defendant.

City Court of the City of New York, Special Term, New York County, February 18, 1948.

*Weisman, Celler, Quinn, Allan & Spett* for plaintiff.

*Katz & Spector* for defendant.

*Bernard Katz* for Isidore Bogash.

COLEMAN, J. This is an action upon a certified check. Although the complaint does not so state, the chronology of events suggests and the argument has assumed that the plaintiff, payee and holder, procured the certification. I proceed upon that assumption. The effect of the certification was to discharge the drawer from liability, as the certification was equivalent to an acceptance (Negotiable Instruments Law, §§ 323, 324). When the bank certified the check it engaged that it would pay it to its lawful holder, and it cannot now resist payment in order to make a setoff available to its depositor; by the act of certification a novation of liability resulted (*Carnegie Trust Co. v. First Nat. Bank,* 213 N. Y. 301). '' The certification of a check by the bank is equivalent to payment. When the holder of a check sees fit, instead of receiving the money, to take the obligation of the bank for payment, the transaction is of the same effect as if he drew the money and then bought the bank's obligation with it.'' (POUND, J., in *Wachtel v. Rosen,* 249 N. Y. 386, 390; cf. *Carnegie Trust Co. v. First Nat. Bank, supra,* p. 307.)

The bank alleges that a controversy existed between its depositor and the payee of the check, and that it could not with safety determine the merits of the controversy; and it therefore stopped payment at its depositor's request. But the merits of the controversy are irrelevant to a consideration of the bank's liability. So far as the drawer is concerned, his obligation to the payee has been discharged; and so far as the bank is concerned, it has in effect '' paid '' the check, and the matter is a closed one, except for its arbitrary refusal to pay. Whatever other effect section 325-a of the Negotiable Instruments Law (L. 1944, ch. 537) may have, it does not improve the bank's position in relation to the plaintiff. The case is different where the drawer of

the check procures its certification, as in *Welch* v. *Bank of Manhattan Co.* (264 App. Div. 906), for there the certifying bank becomes bound with the drawer; the drawer is not discharged and no novation occurs. Nor is the case here to be likened to one where the bank certifies a check through its own mistake in failing to ascertain whether sufficient funds are on deposit to the drawer's account (cf. *Metropolitan Life Ins. Co.* v. *Bank of United States*, 259 N. Y. 365). *Greenberg* v. *World Exchange Bank* (227 App. Div. 413) involved the certification of a note to which different rules apply. Sections 323 and 324 of the Negotiable Instruments Law do not apply to notes.

Plaintiff's motion to strike out the affirmative defense for insufficiency is granted, as is also its application for judgment on the pleadings. Judgment may be entered in favor of the plaintiff and against the defendant. The motion of Bogash, the maker of the check, for leave to intervene is denied, without prejudice to whatever rights he may have to bring an independent action against the plaintiff.

Settle order on notice.