The plaintiff-appellant, Gottlieb John Drachenberg, his next friend Alvine Drachenberg, and the defendant-respondent Albert Drachenberg, are three of the five children of Alvine Drachenberg, deceased, who died *Page 512 
intestate, seized of certain realty in Jersey City. Each of the five children became vested with an undivided one-fifth interest in the premises.
In a former proceeding in the Court of Chancery, the defendants here were plaintiffs and the plaintiff here was a defendant. The Court of Errors and Appeals affirmed the Chancery decree advised by Vice-Chancellor Fielder, directing partition and an account, and declaring a certain agreement entered into among four of the five heirs to be void and unenforceable. Drachenberg v.Drachenberg, 142 N.J. Eq. 127 (E. A. 1948). Pursuant to the decree, a partition sale was held under the supervision of a Special Master and the sale was confirmed. Hearings on the account were held before another Master and an order of distribution was entered, under which the present plaintiff is entitled to his proportionate share of the proceeds.
The present suit was brought in the Chancery Division of the Superior Court by the plaintiff, by his next friend, his sister. Its object is to vacate the aforementioned judgment on the ground that the plaintiff was then, and is now, a mental incompetent; that "he be afforded an opportunity to present his defenses upon the merits and to establish his mental incompetency" and he seeks to establish a trust on the realty, on the basis of the aforementioned agreement, which the courts declared void and unenforceable. The defendant moved for summary judgment on two grounds: that "(1) the matters and things set forth in the complaint were presented, argued and finally disposed of by the Court of Chancery of New Jersey and the New Jersey Court of Errors and Appeals * * * and (2) said cause of action has been improperly instituted in that said plaintiff, Gottlieb John Drachenberg, is not properly before this court for the reason that the said cause of action has been instituted by Alvine Drachenberg as next friend and not by a guardian or guardian adlitem." Judge Kays, in granting defendant's motion, found it unnecessary to refer to the second ground. In his opinion he said: "I have carefully studied the briefs heretofore submitted by the present plaintiff to the Court of Chancery and *Page 513 
to the Court of Errors and Appeals in the prior partition and accounting suit. I am convinced that the allegations of the complaint and the contentions urged in the memorandum submitted by the plaintiff in opposition to this motion were considered and rejected by Vice-Chancellor Fielder and the Court of Errors and Appeals." This appeal is from the judgment entered by Judge Kays.
It is fundamental that the judgment of a court having jurisdiction over the person and property is res adjudicata.
The verity, validity and conclusiveness of the judgment cannot be attacked collaterally. Diehl v. Page, 3 N.J. Eq. 143 (Ch.
1834); In re Realty Title Insurance Co., 126 N.J. Eq. 523
(Ch. 1940).
Our examination of the record discloses no basis for the allegations of the complaint that the plaintiff Gottlieb John was a mental incompetent at the time of the hearing before Vice-Chancellor Fielder and that the fact of his mental incompetency was withheld from the court.
In the former proceeding the present plaintiff was represented by counsel, who filed an answer and appeared at the hearing in his behalf. In the course of the trial, a question was asked concerning present plaintiff's condition, and although objection was offered by one of the defendants, the court allowed the inquiry. Plaintiff's sister, his present next friend, emphatically rejected any notion of mental incompetence, in the following testimony:
"The Witness: John is not ill. There is nothing wrong with John * * * John may be a bit slow, a little bit reserved, but if anyone wants to say he is ill, they must be questioned themselves, because there is nothing wrong with John."
Vice-Chancellor Fielder in his opinion said of the plaintiff that "he was then somewhat of an invalid, but the evidence shows he is competent and is employed."
The evidence before the Court of Chancery indicated that the present plaintiff was mentally sound. "When a state of sanity is proved to exist at a certain time, the law presumes that to continue until the contrary be shown, because that is *Page 514 
the normal state; every person is presumed sane until the contrary be shown." Boylan v. Meeker, 28 N.J.L. 274 (Sup.Ct. 1860). "Sanity rather than insanity, competency rather than incompetency, are presumed." Maihack v. Mehl, 141 N.J. Eq. 281
(Ch. 1948).
The fact that, subsequent to the affirmation by the Court of Errors and Appeals, incompetency proceedings were instituted and the plaintiff declared a mental incompetent, has no bearing upon the earlier proceedings when he was presumed to be, and the evidence showed him, of sound mind.
Even if it be assumed that the plaintiff was then of unsound mind, the judgment did not deprive him of his interest in his mother's property. The agreement under which the plaintiff seeks to establish a trust was found by the Court of Chancery and the Court of Errors and Appeals to be void and unenforceable. The court held: "The agreement was breached * * * in which breach the cotenants Martha and Gottlieb concurred, thus presenting an impelling reason why the agreement should now be regarded as of no binding effect on complainant" and that it was "vague, uncertain, indefinite, unfair and against public policy and lacking in mutuality as between the cotenants." Accordingly, the court ordered partition, which judgment secured to the plaintiff an undivided one-fifth interest in the proceeds of sale. To this he is entitled, whether competent or incompetent. The judgment isres adjudicata.
Finally, we note that this proceeding was instituted and prosecuted by the plaintiff through his next friend. Rule
3:17-2 provides that an incompetent shall be represented in an action by his guardian or guardian ad litem appointed by the court. Here no guardian has been appointed and this proceeding is brought by next friend, contrary to the rule. While it is accordingly procedurally incorrect, we have nevertheless dealt with the questions presented.
The judgment below is affirmed. *Page 515