7 N.J. Super. 427 (1950)
71 A.2d 404
CONDENSER SERVICE AND ENGINEERING CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
MYCALEX CORPORATION OF AMERICA, A NEW YORK CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 7, 1950.
*428 Mr. James A. Major (Messrs. Major & Carlsen), for plaintiff.
Mr. Aubrey J. Elias, for defendant.
BRENNAN, JR., WM. J., J.S.C.
Each party by motion seeks a summary judgment in this suit by plaintiff for the contract price of $1,356.85 for work performed and materials furnished in the repair of defendant's hydraulic press.
Defendant gave plaintiff its check of September 24, 1947, in payment of the contract price when the repairs were completed. The check was drawn on a New York City bank. *429 The Pennsylvania Exchange Bank. Defendant notified the bank to stop payment of the check. Thereafter plaintiff presented the check for certification and the bank, apparently overlooking the stop payment notice, certified it, but now refuses to honor the certification. Plaintiff has brought suit on the certification in the City Court of the City of New York and the bank has interposed a defense that the certification was executed by mistake. Under New York law the mistake, if proved, would be a complete defense, it not appearing that the rights of third parties have intervened. Baldinger & Kupferman Mfg. Co. v. Manufacturers'-Citizens Trust Co. (App. Term 1915), 93 Misc. 94, 156 N.Y.S. 445; Metropolitan Life Ins. Co. v. Bank of U.S., 259 N.Y. 365, 182 N.E. 18; President & Directors of Manhattan Co. v. Tunick, 134 Misc. 863, 237 N.Y.S. 230.
On October 6, 1947, the present defendant, as plaintiff, brought a suit against the present plaintiff, as defendant, in the former Supreme Court, Passaic County, for damages for alleged defective repair of the hydraulic press. The case was tried June 29, 1949, and a judgment of involuntary dismissal was entered July 1, 1949, on motion granted by the trial judge at the close of the testimony offered by plaintiff in that case, defendant here. Under Rule 3:41-2 the judgment operated as an adjudication upon the merits as the judgment does not otherwise provide. The judgment was not appealed.
In the present suit defendant has pleaded (1) payment by reason of the certification at plaintiff's request of the check of September 24, 1947; (2) defective performance of the repair job, to which defense plaintiff, by way of reply, has pleaded that the judgment of July 1, 1949, in the former Supreme Court action is res adjudicata, and (3) a defense, abandoned in its brief and not further considered, that this action for the contract price is barred for failure of the plaintiff to plead its claim by way of set-off in the former Supreme Court suit.
As to the first defense, the check itself was not payment because it was not itself paid and the rule is that a *430 check does not constitute payment unless itself paid except in cases where it is positively agreed to be received as payment. Grunt v. Zapeikov, 107 N.J.L. 143 (E. & A. 1930); Cellized Floors v. Glen Falls Indemnity Co., 9 N.J. Misc. 1111 (Sup. Ct. 1931); Weisberger v. J.C. Corporation, 107 N.J. Eq. 61 (E. & A. 1930); Freeholders of Middlesex v. Thomas & Martin, 20 N.J. Eq. 39 (Ch. 1869). Nor does the check's certification under the facts in this case constitute payment. Defendant gave its stop payment notice before the bank executed the certification. Under New York law the certification may be revoked by the bank on the grounds of mistake, the rights of third parties not having intervened, and the certification under such circumstances does not have the effect of releasing the drawer from liability on the check.
The principle urged here by defendant of the line of cases that hold a bank to be liable and the drawer of the check to be discharged when the stop payment notice is received by the bank after the certification is executed is not applicable. The legal effect of the certification in such a case is precisely as though the money had been first paid to the payee and charged to the drawer's account and then deposited to the payee's account. The result is to discharge the drawer from any further liability on the check and to substitute a new contract between the holder and the bank by the terms of which the money called for by the check is transferred from the account of the drawer to the account of the holder. Times Square Automobile Co. v. Rutherford National Bank, 77 N.J.L. 649 (E. & A. 1909); Fiss Corp. v. National Safety Bank & Trust Co. of New York, 191 Misc. 397, 77 N.Y.S.2d 293 (1948). However, under New York law, which governs the incidents of the certification contract here, the giving of the stop notice by the defendant before the bank's certification precluded the certification having the effect of releasing the defendant from liability as drawer of the check. Baldinger & Kupferman Mfg. Co. v. Manufacturers'-Citizens Trust Co., supra. This is because the certification in this situation does not have the legal effect that "the drawer's credit deposit with the bank is, to the extent of the check, *431 taken from his control and appropriated to the payment of the check." Lipten v. Columbia Trust Co., 194 App. Div. 384, 185 N.Y.S. 198 (1920).
It follows that the defense of payment by reason of the certification of the check is without merit.
There remains for consideration the defense of improper and defective performance of the repair job. That issue was mooted in the case in the former Supreme Court, Passaic County, as appears from the transcript of the record thereof supplied by the plaintiff here at this Court's request. The defendant is therefore barred by the doctrine of res adjudicata, properly raised in plaintiff's reply, from re-litigating that issue in this suit. Morrissey v. Morrissey, 1 N.J. 448, 64 A.2d 209 (1949); Drachenberg v. Drachenberg, 4 N.J. Super. 510, 67 A.2d 892 (App. Div. 1949); Phillips v. Klein, 5 N.J. Super. 176, 68 A.2d 555 (1949). The transcript does not include any part of the testimony. The pleadings, however, disclose that issue was squarely joined on the dispute as to performance and the doctrine of res adjudicata applies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704 (E. & A. 1948).
Plaintiff's motion is granted and defendant's motion is denied. Judgment will be entered in favor of plaintiff and against defendant in the sum of $1,356.85 with interest and costs.