PRUDENTIAL INSURANCE COMPANY OF AMERICA, complainant,

*v.*

FIDELITY UNION TRUST COMPANY, executor, &c., of Robert Gemmell, deceased, defendant-appellant; ARMENA B. GEMMELL, defendant-respondent.

[Argued May 22d, 1928.   Decided October 15th, 1928.]

1. Under the life insurance contract considered in this case, *held*, that to defeat the rights of the beneficiary named in the policy, by the exercise of an option to pay the insured the money in his lifetime, the money must have been actually paid to him, and that completed arrangements to pay it would not suffice.

2. The executor of insured having laid claim to the money and the company having filed bill of interpleader bringing in the beneficiary and executor, *held* not a case for award of costs to either against the other.

---

On appeal from decree advised by Vice-Chancellor Church, whose opinion is reported in *102 N. J. Eq. 281.*

*Mr. Francis Lafferty,* for the appellant.

*Mr. Robert H. McCarter,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The facts are fully stated in the opinion of the vice-chancellor, and we agree generally in the result reached by him, although not altogether in the reasoning leading thereto. To be specific, we are unwilling to place Mrs. Gemmell's right to the money upon the ground that the company could not, to the prejudice of the beneficiary, pay over the money to the assured until six months after proof of the disability had been received. It is sufficient to say, without committing ourselves to that proposition, that when Mr. Gemmell died the money had not been paid, and the transaction was legally incomplete. On this phase of the case, we regard as controlling the clause in the policy that "any insurance remaining at the death of said person shall be paid to the beneficiary or beneficiaries of said person." This, taken in connection with the option reserved to the company of paying in a lump sum or sixty monthly installments, just preceding the clause, makes it clear that the beneficiary is entitled to "any insurance remaining" *unpaid*. As the two options of payment, in a lump sum or by installments, are joined in the same paragraph, and the clause just quoted is in close juxtaposition thereto, it is applicable to either method of payment and hence, as we have said, is controlling in this case apart from the fact that the whole transaction fell by the death of Mr. Gemmell before delivery of the check. The decree under review, so far as it adjudges Mrs. Gemmell's right to the fund, will be affirmed.

The appeal brings up the award of a counsel fee, which does not appear in the opinion filed by the vice-chancellor. The decree provides that Fidelity Union Trust Company, as executor of Robert Gemmell, pay costs to Armena B. Gemmell, as well as the taxed costs of the complainant, and a counsel fee of $1,000. All this seems to be charged against the executor (payable, we suppose, out of Gemmell's estate) because it laid claim to the insurance fund and when brought into court by a bill of interpleader, set up that claim for

adjudication and has failed to make it good.   We are unable to see any sound reason for mulcting this estate in costs and counsel fee.   Not only did the executor properly assert a claim under the unusual circumstances, but, in our judgment, it would have been recreant to its duty had it not done so. The complainant is entitled to costs out of the fund, but no counsel fee; the two interpleading defendants should pay their own costs in the court of chancery and in this court. In the matter of costs and counsel fee, the decree should be modified to conform to the views above expressed; in other respects it will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, KAYS, HETFIELD, DEAR, JJ.   11.

*For reversal*—None.