JOSEPH GRUNT, TRADING AS WEST SIDE PLUMBING COMPANY, RESPONDENT, v. LOUIS ZAPEIKOV, APPELLANT.

Argued February 5, 1930—Decided October 20, 1930.

For the appellant, *Philip J. Schotland.*

For the respondent, *Michael G. Alenick.*

The opinion of the court was delivered by

BODINE, J. The plaintiff had judgment in the Essex Circuit Court for the amount due for materials and supplies furnished a contractor named Huckman, who had a written contract for the plumbing and heating work to be done on defendant's premises at No. 243 Madison avenue, Newark. The contract was duly filed.

The trial judge instructed the jury to find whether the plaintiff had served upon defendant a stop-notice at a time when defendant had in his possession moneys due upon the contract.

The stop-notice was served at six P. M., November 27th, 1928. Under the contract, a final payment of $1,500 was due when all the work was finished with the approval of the owner. The appellant maintains that the proofs show substantial completion earlier in the day followed by payment.

"The owner cannot be compelled to pay to the workman or materialman any moneys which, by force of his contract, he was not compellable to pay to the contractor. Upon notice given, the workman or materialman, to the extent of his demand, takes the place of the contractor, so that, if the owner, as against the latter, can withhold the payment of the moneys earned, he can do so in like manner, against the demands of the former. The test is, whether a suit for the money in question will lie by the contractor against the owner. If it will not, the owner is not liable to a suit by the workman or materialman." *Reeve* v. *Elmendorf,* 38 *N. J. L.* 125, 130; *Kirtland* v. *Moore,* 40 *N. J. Eq.* 106; *Blauvelt* v. *Fuller,* 66 *N. J. L.* 46; *Brunnetti* v. *Grandi,* 89 *N. J. Eq.* 116.

It appears that before the stop-notice was served, the defendant drew a check to the order of the contractor, which was immediately endorsed to the order of The Trane Company, a New York supply house, holding the defendant's guarantee. The check never passed out of the defendant's possession until January 2d, 1929, when he delivered it to The Trane Company. The check purported to be in settlement for substantial performance. The estimated cost of completion was deducted from the amount due on final settlement. This would have closed the case if the drawing of the check, under these circumstances, amounted to payment.

The trial judge charged the jury that the defendant's possession of his own check did not constitute payment, and that although he had drawn this check and the contractor had endorsed it to the order of The Trane Company, still the defendant had in his possession moneys due on the contract.

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." Section 16 of the Negotiable Instrument act (*Pamph. L.* 1902, *p.* 587). It is not necessary for us to determine whether there was a delivery of the check when it was turned over to the contractor for the mere purpose of endorsement. Under the Mechanics' Lien law the question was whether there was a payment due subsequent to the service of the stop notice.

We agree with the trial judge that the possession of one's own check, irrespective of the endorsement appearing thereon, does not amount to payment of the account for which the check is drawn.

The other matters suggested at the argument deserve no further comment.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   11.

*For reversal*—None.