## Doughty v. Metropolitan Life Insurance Company

*H. N. Ball*, for plaintiff.

*H. Quinn* and *C. Brewster Rhoads*, for defendant.

BONNIWELL, J., April 6, 1937. — This is a rule for leave to amend the statement of claim in an action brought by a beneficiary under a group life insurance policy. Plaintiff first sought a recovery of death benefits, but now seeks disability benefits.

The ground on which plaintiff requests leave to amend is that the policy provides that in the event the insured become totally and permanently disabled, prior to his sixtieth birthday, as the result of bodily injury or disease, so as to be prevented permanently from engaging in any occupation and performing any work for wage or profit, the company would, three months after receipt of proof thereof, commence to pay to the insured, in lieu of the payment of the life insurance, at the death of the insured, 40 equal monthly instalments of $52.20 each, during the continuance of such disability, with the further provision that if the insured died during the period of total and permanent disability any instalments remaining unpaid would be paid in one sum or in instalments to the designated beneficiary; that the insured was injured while in the course of his employment; that demand was made upon defendant company during the lifetime of the insured for the disability benefits, which the company refused to pay; and that plaintiff had fully performed all things required of her by the insurance contract.

Plaintiff also requests that defendant produce a copy of the group policy sued upon, as plaintiff has no copy and requires the same to prove her case. As no answer was filed to the petition, denying possession of the policy, and it appears from the petition that a copy of the policy is necessary for the proper proof of plaintiff's case, there is no reason why the court should not exercise its discretion to compel production of a copy thereof to plaintiff.

Defendant objects to the amendments on the grounds that they introduce a new cause of action and that the claim for disability, owing before the death of the assured, is recoverable, if at all, by the personal representative of the insured and not by the beneficiary. The policy specifically states that, in the event of death of the employe during the period of total and permanent disability, any instalments "remaining unpaid" shall be paid to the designated beneficiary.

Neither plaintiff nor defendant cites any case in this State which construes this clause. In Prudential Insurance Company of America v. Fidelity Union Trust Co., Exec., 103 N. J. Eq. 279, 143 Atl. 318, which modified 102 N. J. Eq. 281, 140 Atl. 445, on other grounds, it was held that, in order to defeat the right of the beneficiary in favor of the personal representative to a disability benefit, under a policy providing that any insurance remaining at the death of the insured shall be paid to the beneficiary, the disability benefit must have been actually paid to the insured during his lifetime. The wording of the policy in the instant case is even more strongly in favor of plaintiff.

It is quite certain that plaintiff had no claim, under the policy, prior to the death of the assured on August 16, 1932, and, accordingly, the statute of limitations did not begin to run against any claim which she had, under the policy, prior to the date when such claim accrued. The amendments requested cannot prejudice defendant for the reason that the statute of limitations has not yet expired. The doctrine that a new cause of action cannot be introduced is without exception only in cases where the statute of limitations has become a bar. In other cases the court exercises its sound discretion.

Accordingly, defendant is hereby ordered to produce to plaintiff a true copy of the group policy within 10 days from the date of this order, and plaintiff is given leave to amend her statement of claim as set forth in her petition, said amended statement of claim to be filed within 15 days from the date on which defendant produces to plaintiff a copy of said policy.