LAWRENCE J. HYLAND, PLAINTIFF-RESPONDENT, v. PARKSIDE INVESTMENT COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Argued May 4, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the appellant, *Orlando & Kisselman.*

For the respondent, *William Cantor* and *Seymour Cantor.*

PER CURIAM.

This is an appeal from a judgment of the Atlantic County Court of Common Pleas in favor of the plaintiff. The suit was to recover a down payment of $1,000 on account of moneys to grow due under a lease by the defendant to the plaintiff of certain lands in Atlantic City.

In the lease the defendant restricted the plaintiff's use of the land to that of an open air garage. It developed shortly after plaintiff went into possession that the zoning ordinance of the city prohibited such use of the premises in question. Plaintiff sued for the down payment and defendant counterclaimed for a past due installment of rent. The jury found for the plaintiff and defendant appeals.

Only two points are argued for reversal. The first point is that the rule is that the demise of lands by a landlord raises no implication that the premises shall be fit and suitable for the use for which the lessee requires them. This is raised upon the motion for a directed verdict. While the rule is sound as a general proposition, yet here we have a different situation. In this lease the landlord specifically restricted the use to one purpose, and we think this was an express guaranty of the fitness of the premises for that particular purpose. To hold otherwise would be an absurdity. A lease for a single purpose is void if that purpose is unlawful. 16 *R. C. L.* 742. Such is the situation here.

The second point is that the court erred in taking judicial notice of the Atlantic City zoning ordinance. The court permitted the provisions of the ordinance to be testified by a witness. The ordinance itself is not in the record before us, so that the only testimony is by a witness to the effect that there is a zoning ordinance forbidding an open air garage

at the site involved. The court seems to have assumed the contents of the ordinance without it being before him and to have charged it. Defendant was then confronted with a situation in which he had to proceed as if the ordinance were in evidence, when it actually was not. The court told the jury that the ordinance was not introduced by either party, but the court would take judicial notice of the ordinance, and charged that by its terms an open air garage could not be operated at the site in question. We think this was error. Courts do not take judicial notice of municipal ordinances. As the record now stands there is no way to test the accuracy of the court's statement.

The judgment is reversed, and a *venire de novo* awarded.