SILVER ROD STORES, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. KALMAN BERNSTEIN, TRADING AS K. BURNS & SON, DEFEND-ANT-RESPONDENT.

Submitted February 16, 1934—Decided May 4, 1934.

For the plaintiff-appellant, *Seymour Klein* and *Emil Klein* (*Morris Klein*, on the brief).

For the defendant-respondent, *Harry V. Osborne, Abram H. Cornish* and *Emanuel P. Scheck.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court. The case was tried before Judge Porter and a jury. The action was for rent under a lease made between the parties dated 1927 for premises situate at No. 203-205 Market street, Newark, New Jersey. The amount of rent claimed to be due, if. any, under this lease was stipulated between the parties at the trial. It was also stipulated that the state of the case in the former action between the same parties in the Supreme Court which contained a copy of the pleadings, judgment, testimony, charge of the court and the order of this court affirming said judgment be received in evidence at the trial as the evidence to be used in the trial

before the court and jury in the case now before us. None of the testimony, however, taken at the former trial appears in the state of the case on this appeal. The former suit was tried before the same judge. Thereupon the attorney for the defendant moved for a directed verdict on the ground that the decision of this court in the previous suit governed this case which was then before the trial court. The attorney for the plaintiff then moved for a directed verdict on behalf of the plaintiff "on the ground that in a suit on a covenant to pay rent it is no defense on the part of the defendant to set up the breach of another independent covenant, and the defense of *res judicata* is not applicable." The trial court denied the motion for a directed verdict in favor of plaintiff and granted the motion of the defendant for a directed verdict in favor of the defendant and against the plaintiff of no cause of action stating that the matter was settled by the former suit. From the judgment entered by reason of this ruling of the court the plaintiff appeals here.

The facts in the case are that in February, 1931, by a prior action, the plaintiff below sued the defendant for rent for the premises above mentioned for the months of January and February, 1931, under the terms of the said lease. In that suit the defendant counter-claimed asking damages for the breach of a covenant contained in the lease to the effect that the plaintiff would not compete with defendant's business, for the return of a deposit given to secure one month's rent and for interest on the deposit and also set up as a defense that the defendant had been constructively evicted and also that the lease was terminated by the plaintiff. The jury rendered a verdict for the rent reserved during the actual occupancy of the premises by the defendant in favor of the plaintiff and also rendered a verdict upon the counter-claim of the defendant in favor of the defendant for interest on the moneys deposited by the defendant as security for the rent, and also for damages sustained by the defendant and directed that the deposit be retained by the plaintiff in payment of the rent for the month of Janaury, 1931. Judgment was entered accordingly and an appeal was taken to this court. This

court affirmed the prior judgment as appears by an opinion of this court reported in 110 *N. J. L.* 117. As before stated there is no testimony given in the former suit appearing in the state of the case on this appeal. The court in its charge to the jury in the prior suit said: "The suit that we are trying was brought by the landlord, Silver Rod Stores, Incorporated, to recover from Mr. Bernstein the rent that the plaintiff claims the defendant owes or did owe at the time this suit was started; namely, the rent for the months of January and February of 1931. * * *

"Mr. Bernstein does not deny that he did not pay the rent for January and February. But he does deny that there is due from him any such sum as is claimed. He says that there was a breach of the terms of the lease, not by him but by the landlord, in that it violated its obligation not to sell in its store or not to permit to be sold on the premises by anyone else any of the things that Mr. Bernstein was selling in his jewelry store except watches and clocks, I think. * * *

"The defendant comes here and denies responsibility. In addition to that, he brings a counter-suit. He says that there was no breach on his part and therefore the $479.17 deposited with the landlord should be returned to him; that the lease terminated when he left not by his act but by the act of the landlord, and therefore he owes no rent for the period beginning February 1st, 1931; that for the rent for the month of January he has deposited a sum of money and asks that he be credited for that amount. On that theory the defendant says that he not only owes nothing, but there is money due him because under the terms of the lease he was to receive four per cent. on that money during the time it was on deposit with the landlord; that he has received no interest on that sum of money which the landlord has had the use of since July 15th, 1927. The defendant also asks that he be compensated for damages that he has suffered by reason of the breach that has occurred, the breach being that the landlord did not keep his covenant not to sell or permit to be sold on the premises these restricted articles. * * *

"If the plaintiff's contention is correct, that there was no

breach on its part, then it is under no obligation to return the $479.17 or to credit it. If you should find in favor of the landlord on these questions of fact which are in dispute, then the plaintiff is entitled to a judgment at your hands for the amount that it asks—$958.34—together with interest at six per cent. on half of it from January 1st, 1931, to date and on the other half from February 1st, 1931, to date."

There were no exceptions taken by the plaintiff to the court's charge nor do there appear to be any requests to charge presented by the attorney for the plaintiff. It is apparent from the above quoted portions of the charge that the jury by its verdict determined that there was no breach of the contract on the part of the defendant and that there was a breach of the contract on the part of the plaintiff and that for this reason the plaintiff was not entitled to rent for the month of February, 1931. It is also apparent by its verdict the jury settled the whole question as to the termination of the lease. If the lease had not been terminated, as instructed by the court, it would have returned a verdict for the month of February, 1931, as well, and would not, under the instructions of the court, have credited the defendant with the deposit of $479.17, which was made for the purpose of the faithful performance of the contract. This appears to be the theory upon which the case was tried and submitted to the jury and no objection was made by either of the parties to such submission. Therefore, the parties must have been satisfied with the way in which the court presented the case to the jury as no objection was made. As this court said in its opinion in the prior suit: " 'Where parties to an action try and submit the question at issue upon a theory apparently satisfactory to themselves and suffer the case to go to the jury upon the legal theory thus adopted, it is too late upon appeal, for either party, for the first time to question the legal propriety of the course pursued.' *Kapherr* v. *Schmidt*, 98 *N. J. L.* 803." It is well settled in this state that a judgment in a former case between the same parties relating to the same subject-matter settles all matters which came before the court in such prior suit. In such a case a party is forever there-

after barred from raising the same contention in another suit growing out of the same subject-matter. *Stamler* v. *Weinberger,* 109 *N. J. L.* 438; *Hancock* v. *Singer Manufacturing Co.,* 62 *Id.* 289; *White* v. *Mindes,* 106 *Id.* 607.

We are, therefore, of the opinion that the judgment in the former suit disposed of the matters in question in this suit; that the jury determined, as the judge said, that the lease terminated when the defendant left, not by his act, but by the act of the landlord and that, therefore, he owed no rent for the period beginning February 1st, 1931. For the reasons above set forth the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, LLOYD, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, DILL, JJ. 9.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, WELLS, JJ. 7.