61-69 PIERREPONT STREET, INC., PLAINTIFF-APPELLANT, v. LESTER E. FEIST, DEFENDANT-RESPONDENT.

Submitted January 16, 1940—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Abraham Warren.*

For the respondent, *William V. Breslin.*

The opinion of the court was delivered by

HEHER, J. On December 18th, 1934, plaintiff leased to defendant "the apartment designated as 1-A on the first floor of the building known as 61 Pierrepont Street," in the Borough of Brooklyn, in the City of New York, for the term of twenty-one months, commencing on the first day of January, 1935, at a fixed annual rental payable in equal monthly installments, in advance. Defendant had possession of the premises until June 23d, 1936, when he vacated leaving rent in arrears from the prior March 1st in the aggregate sum of $230. The apartment remained vacant until the expiration of the demised term, and this suit was brought to recover the accrued rent for this period as well as the arrears for the duration of occupancy.

The District Court Judge, sitting without a jury, entered judgment of "no cause of action;" and plaintiff appeals.

The essential inquiry is whether the judgment is tainted with error in matter of law specified in the grounds of appeal; and we find that it is. The defense interposed was lacking in validity; and there should have been judgment for plaintiff on the proofs. This point is directly raised by the reasons for reversal. See, in this connection, *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.

The contract of lease was reduced to writing; and it contained this provision: "It is understood and agreed that the said apartment shall be used for residential and for a dispensing optician." The state of the case settled by the trial judge reveals that the reason given by defendant for the non-payment of the accrued rent was that "the demised premises were let and rented for residential purposes and for dispensing optician," and "he would not have rented the premises if he was not permitted to use" them "for the purpose of a dispensing optician, and this fact was specifically made known to the plaintiff at the time of the execution of the lease, and provision to this effect was typewritten in the printed form

of the lease;" and that defendant "put in evidence a notice received by him from the City of New York, dated March 6th, 1935, which notified the tenant that the display of a dispensing optician sign and the operation of an optical business at the premises was a violation of a certain Zone Resolution, and requiring the tenant to remove the sign and cease using said premises for such business." The notice discloses that the apartment was in an eight-story brick building "occupied or intended to be occupied as a class A multiple dwelling."

Plainly, these considerations do not serve to exonerate defendant from his contractual obligation. There was an utter lack of evidence tending to show that the business use thus specified was in fact within the interdiction of municipal regulations in force at the time of the making of the lease (it was not contended that such was the case), or had thereafter been lawfully inhibited by local authority. Proof of the receipt of what purported to be a notice signed by the Commissioner of Buildings for the Borough of Brooklyn, without more, obviously did not warrant a finding that the stated business use would contravene the terms of a local ordinance or a regulation lawfully promulgated; and thus there was no evidence of such local barrier to the stipulated use as would relieve defendant from his rental obligation under the lease.

Moreover, if the defense interposed were factually well-founded, it would be wholly unavailing. The issue presented to and determined by the District Court Judge was, to quote from the respondent lessee's brief, "whether or not the lease contained an express covenant of the fitness of the premises for a particular purpose and whether or not said particular purpose subsequently became unlawful." And the contention is made that, "By reason of the fact that the premises could not be used for the purpose of a dispensing optician, there resulted a failure of consideration and thus the lease became void."

It is the settled rule in this state that, where the lease does not restrict the use of the demised premises to a single purpose, it is not, in the absence of language explicitly providing otherwise, invalidated by a subsequent governmental regula-

tion prohibiting their use for one or more less than all of the several purposes therein specified. *Stern Holding Co.* v. *O'Connor,* 119 *N. J. L.* 291; *Proprietors' Realty Co.* v. *Wohltmann,* 95 *Id.* 303. This rule proceeds upon the hypothesis that, since the lease provides for more than one use, the deprivation of one or more less than all of the specified uses does not deprive the lessee of the beneficial use or enjoyment of the leased property, where there remains an available serviceable use consistent with the limitations of the demise. *Standard Brewing Co.* v. *Weil,* 129 *Md.* 487; 99 *Atl. Rep.* 661; *L. R. A.* (1917C) 929; *Conkling* v. *Silver,* 187 *Ia.* 819; 174 *N. W. Rep.* 573. See, also, annotation on latter case in 7 *A. L. R.* 836. A mere impairment of the beneficial use is not enough. *Grimsdeck* v. *Sweetman,* 2 *K. B.* 740; 78 *L. J. K. B.* (*N. S.*) 1162; 101 *L. T.* (*N. S.*) 278.

Here, the specified uses are not "identical or inseparable." And, on the question of deprivation of the beneficial use and interest, it is to be considered that the premises are primarily residential; and that defendant covenanted to "comply with all *present* and *future* laws, orders, ordinances, requirements and regulations of the Federal, State, County, Municipal and Borough Governments, their Departments and Bureaus," and not to "hang, affix or expose any shade, awning, sign, advertisement, illumination or projection in or out of the windows or upon the exterior, or from the said building or upon it in any place, except such as shall be approved and permitted in writing by the Lessor * * *." We do not read the lease as making its operation contingent upon the continuing legality of the designated business use, so that the subsequent lawful prohibition of such use would render the covenant to pay rent unenforceable for failure of consideration.

Nor do we yield to respondent's contention that, in view of the insertion of the typewritten clause relating to the use of the apartment, these last cited provisions of the lease have no force, since they constituted a part of the printed form employed to express the contract of the parties. There is no repugnancy.

And it is not without significance that the defendant lessee did not deem the notice of violation of local regulations to be

an interference with his beneficial enjoyment of the demised premises. There was no apparent relation between its receipt and the vacation of the apartment by defendant. He did not testify that his removal was the result of the delivery of the notice; and it is evident that this was not the case. The notice was given on March 6th, 1935; and, so far as has been revealed, it was not followed by action either on the part of the municipal authorities or the defendant lessee. The latter continued to occupy the premises, and to pay rent therefor, until March, 1936, when he fell into arrears, presumably because of financial stress. This is indicated by the fact that, when "a dispossess notice" was served upon him by the plaintiff-landlord on June 6th, 1936, he requested that action thereon "be deferred until June 25th," and agreed in writing, "in consideration of" such "extension of time," to "deposit" in the "office" of the landlord's agent "the sum of $120 to be applied on account as rent for the apartment." And the payment of the reserved rent for a year after receipt of the notice is at variance with defendant's testimony at the trial that his refusal to pay the rent accruing on March 1st, 1936, and thereafter, was due to the fact that he could not lawfully use the premises "for the purpose of a dispensing optician."

There was error also in permitting defendant to testify, over objection, that "he would not have rented the premises if he was not permitted to use" them "for the purpose of a dispensing optician, and this fact was specifically made known to the plaintiff at the time of the execution of the lease, and provision to this effect was typewritten in the printed form of the lease."

The admission of this evidence was in plain violation of the parol evidence rule. There was no ambiguity of expression in the written memorial justifying the relaxation of this substantive rule of law.

It results that the judgment is infected with legal error; but it is not this court's function, as contended by appellant— citing *Warren* v. *Finn,* 84 *N. J. L.* 206—to enter final judgment in its favor for the accrued installments of rent. The facts have not been stipulated; and there were no specific findings of fact by the trial judge. In these circumstances,

we are not at liberty to enter judgment final in the exercise of the authority conferred by *R. S.* 1937, 2:32-214. *Legg* v. *Passaic County,* 122 *N. J. L.* 100; *affirmed,* 123 *Id.* 263; *New Jersey State Board of Optometrists* v. *S. S. Kresge Co.,* 113 *Id.* 287; *affirmed,* 115 *Id.* 495; *Elwood* v. *Smith,* 104 *Id.* 248; *affirmed,* 105 *Id.* 236; *National Bank* v. *Berrall,* 70 *Id.* 757; *Sullivan* v. *Visconti,* 68 *Id.* 543; *affirmed,* 69 *Id.* 452; *Scheinman* v. *Bloch,* 97 *Id.* 404; *affirmed,* 98 *Id.* 571.

The judgment is accordingly reversed, with costs; and the cause is remanded for further proceedings not inconsistent with this opinion.