This is an appeal from a judgment, in the Mercer County District Court, for the plaintiffs in an action for recovery of rent. *Page 178 
In September, 1947, the plaintiffs' predecessor leased to the defendants, for a period of two years commencing October 1, 1947, the first floor store at 676 Stuyvesant Avenue and Nos. 13 and 15 Christoff Street at a monthly rental of $126. The lease provided that the lessor's consent was required "to use No. 676 Stuyvesant Avenue, aforesaid, for any other purpose than a tailor shop and receiving clothing to be cleaned, and Nos. 13 and 15 Christoff Street, aforesaid, to be used only in connection with dry cleaning and for no other purpose." In April, 1948, the defendants received a notice from the Building Inspector of Trenton that their dry cleaning business was being conducted in violation of the municipal zoning ordinance and in August, 1948, their appeal to the Zoning Board of Adjustment was denied. Thereafter, they refused to pay the rent due in October, 1948, and plaintiff instituted action therefor against all of the defendants in the District Court. The defendants asserted that since they were unable to conduct their dry cleaning business they were not obligated for further rental under the lease; this defense was overruled, judgment was entered for the plaintiffs and no appeal was taken therefrom. Similar actions for the rent due in November and December, 1948, resulted in a judgment for the plaintiffs against the defendant John J. Klein, the remaining defendants not having been served. In January, 1949, the present action was instituted by the plaintiffs claiming judgment against all of the defendants for rent due in January, 1949, and against defendants Harold Creager and James Cope for rent due in November and December, 1948. Trial was held in the District Court, the proceedings were taken stenographically and duly transcribed, and judgment was entered for the plaintiffs against all of the defendants for the January, 1949, rent and against the defendants Harold Creager and James Cope for the November and December, 1948, rent. The present appeal is from this judgment.
The appendix filed by the appellants contains copies of the summons and complaint, the lease, letters from the Building Inspector and the Board of Adjustment, the judgment, *Page 179 
and the notice of appeal. It omits entirely the record of the trial in the District Court, although their brief contains occasional excerpts therefrom. Since their appendix contains nothing upon which any finding of error could properly be based, their appeal might well be dismissed without more. Nevertheless, to avoid any possibility of injustice, we have examined the record of the proceedings before the District Court which, in turn, does not contain any exact copy of the pertinent provisions of the Trenton zoning ordinance and is otherwise deficient. We infer therefrom, however, that the premises are in a business zone which prohibits dry cleaning establishments employing more than four persons; that the appellants sought to establish before the District Court that they had employed more than four persons in their dry cleaning establishment; and that their defense was rested upon the position that since their business was contrary to the terms of the zoning ordinance, the lease was illegal and the lessor could not recover rent thereunder.
It is clear to us that the appellants cannot prevail upon their defense. In the first place, they are barred by the doctrine ofres judicata; the identical issue now being raised was decided adversely to the appellants in an earlier action between the same parties for rent due under the lease and no appeal was taken from the judgment entered at that time; the fact that the present proceeding relates to a later month's rent under the same lease is not significant. See Silver Rod Stores, Inc., v. Bernstein,113 N.J.L. 120 (E. A. 1934). In the second place, the lease does not appear to be illegal. On its face it permits the operation of a tailor shop at 676 Stuyvesant Avenue and a dry cleaning establishment at Nos. 13 and 15 Christoff Street and neither of these purposes is prohibited. The fact that the zoning ordinance, in effect, restricts them from employing more than four persons in the operation of their dry cleaning establishment does not render applicable the doctrine of Hyland v. ParksideInvestment Co., Inc., 10 N.J. Misc. 1148, 1149 (Sup. Ct.
1932), that a "lease for a single purpose is void if that purpose is unlawful." Cf. The Stern Holding Co. v. O'Connor,119 N.J.L. 291, 293 *Page 180 
(Sup. Ct. 1938); sc., 121 N.J.L. 282 (Sup. Ct. 1938); affirmed, 122 N.J.L. 376 (E. A. 1939).
The appellants urge that if they had been permitted by the District Court they would have established that at the time of the execution of the lease they actually contemplated, with the lessor's knowledge, the operation of a dry cleaning establishment employing more than four persons and that this should preclude the plaintiffs' recovery of rent. See 3 Thompson on RealProperty, § 1187 (1940). We do not find any offer of such proof in the record and its admissibility is subject to question. See61-69 Pierrepont Street, Inc., v. Feist, 124 N.J.L. 412
(Sup. Ct. 1940); Hoffman v. Seidman, 101 N.J.L. 106 (E. A. 1925). In any event, we see no reason, based on public policy or other pertinent considerations, why, under the circumstances of the instant case, the lessor's knowledge, without his further participation, that the tenant contemplated operation of a portion of the leased premises as a dry cleaning establishment employing more than four persons in violation of the zoning ordinance should preclude recovery of rent under the lease. SeeSchaffer v. Federal Trust Co., 132 N.J. Eq. 235, 242 (Ch.
1942); Williston, Contracts, § 1754, and cases cited in166 A.L.R. 1353, 1395 (1947).
The judgment of the District Court is affirmed. *Page 181