## CIRCUIT COURT OF FAIRFAX COUNTY

Kang

     v.

Roof

June 13, 1991

Case No. (Law) 91844

**By JUDGE JACK B. STEVENS**

This matter has been under advisement by the Court following trial upon the merits of the Motion for Judgment and Counterclaim/Third Party Motion for Judgment. The Court has considered the evidence presented at trial, the arguments of counsel, and the case law submitted in support thereof. As to the issues presented in the Motion for Judgment for rent and repairs, the Court finds for Roof, the defendant/cross-claimant. As to the Counterclaim and Third Party Motion for Judgment issue of unjust enrichment, the Court finds for Mr. and Mrs. Kang, the plaintiff/cross-defendant and third party.

*Motion for Judgment*

I. *Rent*

Generally, a lease for a use prohibited by a zoning regulation may be found unenforceable on either of two grounds, illegality of purpose or frustration of purpose. *See generally* 37 A.L.R.3d 1018 at 1026; *Richmond v. Ewing's Sons*, 201 Va. 862, 114 S.E.2d 608 (1960). However, where there is a serviceable use of the property after the appli-

cation of zoning restrictions, a lease should be upheld. *Pierrepont Street v. Feist*, 11 A.2d 727 (N.J. 1940). And, where the zoning laws permit a variance in the regulations and the granting of a permit for the proposed use, one may not avoid a lease. *Richmond, supra*, 867; *Shopping Plazas v. Olive*, 202 Va. 862 (1961).

Section 18-701 of the Fairfax County Zoning Code requires a building permit for the erection of or modification to all buildings. Section 18-602 requires that an application for a building permit be accompanied by a site plan. Section 18-701 requires an occupancy permit be issued prior to any change in the use of property. And finally, section 18-903 makes violations of these zoning provisions a criminal offense, punishable as a misdemeanor.

In the case at bar, the Court finds that Roof could make no legal use of this property without the Kangs' cooperation. No building permit could be issued because a site plan was never obtained for the property. Additionally, no occupancy permit could be obtained because of pre-existing zoning violations on another portion of the Kangs' property. As a result, Roof could not lawfully occupy or improve the premises. Further, the Court finds that, although a variance was available to rectify this situation, it was unobtainable without the cooperation of the Kangs, the landlords, despite Roof's best efforts. Accordingly, performance under the lease is excused because there was no serviceable use of the premises after application of zoning regulations without the Kangs' assistance in obtaining a variance. *See Richmond*, 201 Va. 862, 114 S.E.2d 608; *see also Pierrepont Street*, 11 A.2d 727.

## II. *Restoring premises to substantially same condition*

Generally, a plaintiff cannot recover for breach of a contract where he is directly or indirectly responsible for the breach. In *Boggs v. Duncan*, the Court stated:

> A plaintiff cannot prevail in an action for nonperformance of a contract, for which nonperformance he alone is responsible. If the impossibility of performance arises directly or even indirectly from the acts of the promisee, it

is sufficient excuse for nonperformance. This is upon the principle that he who prevents a thing may not avail himself of the nonperformance which he has occasioned. (Citations omitted).

202 Va. 877 at 882, 121 S.E.2d 359, 363 (1961); *See also Whitt v. Godwin*, 205 Va. 797, 139 S.E.2d 841 (1965).

In the case at bar, paragraph 8 of the lease required Roof to return the property to the Kangs in the same condition it was in on the date of execution, ordinary wear and tear excepted. In his Motion for Judgment, Mr. Kang seeks recovery for Roof's failure to return the property in this manner, citing holes in the exterior of the building and the removal of walls and dry-wall inside, as more than ordinary wear and tear. The Court finds that the breach of this lease was caused by Mr. Kang's refusal to cooperate with Roof regarding the zoning problems. Since Mr. Kang caused the breach of this lease, the Court will not allow him to recover under it. Accordingly, the Court finds for Roof on the issue of repairs to get the property back to the way it was on the date of execution of the lease.

### Counterclaim and Third Party Motion for Judgment

Roof seeks to recover money expended on improvements to the property made in contemplation of use for a number of years under a theory of unjust enrichment. Three elements are necessary for a showing of unjust enrichment:

(1) A benefit is conferred upon one party by another;

(2) There is appreciation or knowledge of the benefit by the party receiving it; and

(3) It would be inequitable for the party to retain the benefit without paying for it.

*In re MBA, Inc.*, 51 B.R. 966 (E.D. Va. 1985). A party who fails to show that the receiver experienced enrichment, or appreciated the benefit, is fatal to a claim of unjust enrichment. *In re LCS Homes, Inc.*, 103 B.R. 736 (E.D. Va. 1989).

In the case at bar, the Court finds that the "improvements" were only valuable to Roof for his specific purpose, and that they were more in the nature of waste as viewed

by the Kangs. Pursuant to *LCS Homes*, no recovery can be had for unjust enrichment for failure to prove the essential element of enrichment. Accordingly, as to the Counterclaim and Third Party Motion for Judgment, the Court finds for the defendants Kang.